## HOWARD v. THE STATE.

SUPREME COURT.—*Evidence.—Bill of Exceptions.*—Where it is shown by the bill of exceptions that all the evidence is not in the record, the Supreme Court cannot consider the question as to the sufficiency of the evidence to sustain the verdict.

CRIMINAL LAW.—*Alibi.—Instruction to Jury.*—On the trial of an indictment for grand larceny, the court instructed the jury that if the evidence satisfied their minds that the defendant was in fact in the city of I. at the time that the witnesses for the State testified that he was in the town of N., named in the indictment as the place at which the crime had been committed, it would be their duty to acquit him.

*Held,* that the instruction was erroneous. The jury should have been instructed that if the evidence raised a reasonable doubt in their minds as to whether the defendant was at I. or at N., when, etc., they ought to find him not guilty.

SAME.—*Instruction to Jury.*—An erroneous instruction to the jury in a criminal action is not corrected by another which states the law correctly, unless the erroneous one be plainly withdrawn.

SAME.—*Reasonable Doubt.*—It is a rule applicable to all criminal cases, that if a reasonable doubt of the guilt of the defendant be raised in the minds of the jury on any question as to the sufficiency of the evidence, he is to be acquitted.

SAME.—*Possession of Stolen Goods.—Presumption.*—In instructing the jury on the subject of the presumption arising from the possession of stolen goods, it is error for the court to assume that the goods in question have been stolen—a fact which the jury are required to find from the evidence.

SAME.—*Instruction to Jury.*—In an instruction to the jury, on the trial of an indictment for larceny, the court, in stating what must be proved to justify a conviction, said that it must be proved that the property was stolen, but failed to state that it must be proved that the defendant stole it.
*Held,* that, because of the omission, the instruction was erroneous.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. Stafford,* Prosecuting Attorney, for the State.

PETTIT, C. J.—Indictment for grand larceny of a horse, buggy, and harness. A jury found the defendant guilty, and, over a motion for a new trial, judgment was rendered on the verdict.

Onè of the reasons for a new trial was, that the verdict of the jury is not sustained by sufficient evidence. The bill of exceptions clearly shows that all the evidence is not in the record. It shows that a number of different papers were read to the jury, but they are not copied into the transcript, and their place is occupied with "(here insert)." We cannot, therefore, consider any question as to the sufficiency of the evidence to sustain the verdict.

It is insisted that the court erred in giving the following instructions, which were properly objected to, and the legality of giving them is before us :

" 6. I will say further, that the defence has offered evidence for the purpose of proving an *alibi*, that is, that at the time the offence was committed in the town of Noblesville, in Hamilton county, the defendant was in the city of Indianapolis, in the county of Marion, and, without suggesting that the *alibi* has or has not been proved, I will say that it is evidence of a suspicious character, that it should be most vigorously sifted, and cautiously confided in ; but when, having been subjected to severe scrutiny, it is ascertained to have been, in a given case, honestly and truthfully given, * * * it should * * * have equal weight and influence with the same weight of evidence upon any other subject; and if the evidence satisfies your minds that the defendant was in fact in the city of Indianapolis at the time that the witnesses on behalf of the State testify that he was in the town of Noblesville and other points in the county of Hamilton, it will be your duty to acquit the defendant, and if that evidence, in connection with all the evidence given on the trial of this cause, leaves a reasonable doubt in your minds as to the presence of the defendant in the county of Hamilton on the day the horse and buggy are alleged to have been stolen, it will be your duty to acquit the defendant.

" 9: The possession of stolen property, in a short time after such property is stolen, raises a presumption that the person having such possession is guilty of the larceny of such goods, but the possession may be explained by the party having such

possession, and when properly explained rebuts any such presumption of guilt; but the burthen of explaining any such possession is on the defendant, when the stolen goods have been found in the possession of the defendant within a short time after they were stolen.

" 4. Upon this charge the defendant has been arraigned and has pleaded not guilty, and the defendant having so pleaded, the burthen of proof is thrown upon the State, and she is required to prove the larceny of the goods and chattels, or at least of some one or more of the articles named in the indictment; that the property so stolen was the property of James T. Gentry as charged; that it was of the value of at least five dollars; and that the property was stolen in the county of Hamilton, and State of Indiana; and the State is required to prove these facts to your satisfaction, beyond a reasonable doubt; and if the facts are so proved to your satisfaction, beyond a reasonable doubt, and if the case is so proved, it is your duty to convict the defendant; but if not so proved, it is equally your duty to acquit him."

We hold that the sixth instruction, *supra*, on the subject of *alibi*, was erroneous in charging, that " if the evidence satisfies your minds that the defendant was in fact in the city of Indianapolis at the time that the witnesses on behalf of the State testified that he was in the town of Noblesville and other points in the county of Hamilton, it will be your duty to acquit the defendant."

This instruction ought to have been, that if the evidence raises a reasonable doubt in your minds as to whether the defendant was at Indianapolis or at Noblesville when the larceny was committed, you ought to find the defendant not guilty. We do not think that anything that precedes or follows this error, in this or any other instruction given, cures it. An erroneous instruction to the jury, in a criminal case, cannot be corrected by another instruction which states the law accurately, unless the erroneous one be plainly withdrawn. *Bradley* v. *The State*, 31 Ind. 492 ; *Clem* v. *The State*, 42 Ind. 420, 448 ; *Kirland* v. *The State*, 43 Ind. 146, 154.

The rule is general and universal in all criminal cases, that if a reasonable doubt of the guilt of the defendant is raised in the minds of the jury on any question as to the sufficiency of the evidence, he is to be acquitted; and the court ought to have so instructed the jury. *French* v. *The State,* 12 Ind. 670; *Adams* v. *The State,* 42 Ind. 373; *Binns* v. *The State,* 46 Ind. 311; 3 Greenl. Ev., sec. 29; *Kaufman* v. *The State,* 49 Ind. 248; *Hall* v. *The State,* 8 Ind. 439; *West* v. *The State,* 48 Ind. 483.

The ninth instruction, *supra,* on the subject of presumption from the possession of stolen goods, says that the possession of them, shortly after they were stolen, raises a presumption against the defendant. This was clearly erroneous. *Smathers* v. *The State,* 46 Ind. 447, and cases cited; *Jones* v. *The State,* 49 Ind. 549. See, also, *Engleman* v. *The State,* 2 Ind. 91; *Hall* v. *The State,* 8 Ind. 439; *Clackner* v. *The State,* 33 Ind. 412.

The fourth charge or instruction, *supra,* attempts to tell the jury what must be proved to justify a conviction, but wholly omits to say that it must be proved that the defendant stole the property, but only that it must be proved it was stolen. This was error. The instruction should have been, that the evidence must show, beyond a reasonable doubt, that the defendant stole the property.

The only question in the case is as to the right of the defendant to a new trial. Having held that three instructions given were erroneous, and, consequently, that the judgment must be reversed, we need not pass upon the action of the court in refusing to give instructions asked by the defendant.

The judgment is reversed, with instructions to sustain the motion for a new trial. The clerk will issue the proper order for the return of the prisoner.