WILLIAM E. SAWYER, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

*It seems* that upon the trial of an indictment for an assault with a deadly weapon, the assault being proved, the burden is upon the accused to establish the existence of sufficient cause to justify the use of such a weapon.

(Submitted February 9, 1883; decided March 6, 1883.)

PLAINTIFF in error was indicted for an assault with intent to injure. It was proved by the prosecution on the trial that the prisoner fired a pistol at one Steele, inflicting a dangerous wound. The question litigated on the trial was whether, at the time of the shooting, the prisoner had reasonable grounds to believe that the complainant intended to make an assault upon him, and that such assault placed his life in jeopardy. The court here say: "We have carefully examined the evidence taken on the trial, and found it difficult to harmonize the statements of the witnesses, but for that very reason a question was presented peculiarly adapted to the judgment and consideration of the jury. The burden would seem to rest upon the defendant to establish to the satisfaction of the jury the existence of sufficient cause to justify him in the use of a deadly weapon, such as he concededly used on this occasion. Upon the evidence in this case, we think the jury were justified in saying that the existence of such cause was not established to their satisfaction, although if they had found the other way, there would have been no ground upon which to disturb their verdict.

"We have also carefully examined the several exceptions taken by the plaintiff in error to the rulings of the court appearing in the record.

"While the counsel for the defendant in his printed points questions three of such rulings, but two of them are shown by the record to have been taken by him. These relate to the exclusion by the court of answers to the following questions put to defendant's witnesses by his counsel.

"'In your association with him it has been your observation that he is a peaceable character, his disposition as to peaceableness?' *Second.* 'What is your judgment as to his disposition as to peacefulness or quarrelsomeness?'

"Each of the witnesses to whom these questions were put were allowed to answer all questions relating to the general character of the defendant, although they showed but slight acquaintance with it and were allowed to and gave favorable answers to questions referring to his character for quietness and peacefulness. While we think, from the circumstances, no possible injury could happen to the defendant by the exclusion of the evidence objected to, we also think the questions were objectionable as being leading and calling for the opinions of the witnesses as to the character of the accused based upon their personal observation. It was competent for the defendant to call witnesses as to his general reputation and character, but this is as far as the law permits him to go."

*William F. Howe* for plaintiff in error.

*John Vincent* for defendant in error.

RUGER, Ch. J., reads for affirmance.

All concur, except ANDREWS, J., not voting, and RAPALLO, J., absent.

Judgment affirmed.