THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES STONE, Appellant.

Under the provisions of the Code of Criminal Procedure (§ 528, as amended by chap. 493, Laws of 1887), giving to this court power to order a new trial in capital cases "if it be satisfied that the verdict was against the weight of evidence or against law," or that justice requires a new trial, it is not the province of the court to determine controverted questions of fact arising upon conflicting evidence; it may not lawfully usurp the appropriate functions of the jury.

Upon the trial of an indictment for murder wherein the defense was an *alibi*, after the court had charged that if there was in the case a reasonable doubt it was the duty of the jury to acquit, charged that "an *alibi*, when established to the satisfaction of the jury," was a conclusive defense, adding: "It need not be established beyond a reasonable doubt, but it should be established to the satisfaction of the jury." Defendant's counsel excepted to so much thereof as stated "it should be established to the satisfaction of the jury" and requested the court to charge that "if, taking the whole case together the evidence for the prosecution and the evidence respecting the *alibi*, they have any doubt of the guilt of the prisoner, they must acquit." The court replied: "I have so charged already." *Held* (PECKHAM and GRAY, JJ., dissenting), that this was equivalent to saying that his intention on the whole was to so instruct the jury, and if the jury could have misunderstood the charge this adoption by the court of the correct rule must have removed any erroneous impression, and so the exception was not tenable.

(Argued November 26, 1889; decided December 10, 1889.)

APPEAL from judgment of the Court of Sessions in and for the county of Kings, entered upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material to the questions discussed, are stated in the opinion.

*Charles J. Patterson* for appellant. The court erred in excluding the question put to the witness Farrell on cross-examination, as to how much intoxicating drink he had taken just previous to taking the witness stand. (*Hartford* v. *Palmer*, 16 Johns. 142; *Rivaro* v. *Ghi*, 3 E. D. Smith, 264; *People* v. *Harper*, 1 Edm. 180; Whart. on Ev. §§ 402, 403, 418; *Fleming* v. *State*, 5 Humph. 564; *Sisson* v. *Couger*, 1 T. & C. 564.) It was error for the court to permit the prosecution to impeach the witness Henry Jackson by showing that he had been arrested and locked up. (*Smith* v. *Mulford*, 42 Hun, 347; *People* v. *Irving*, 95 N. Y. 541; *Ryan* v. *People*, 79 id. 594; *People* v. *Crapo*, 76 id. 288; *Kober* v. *Miller*, 38 Hun, 184.) The court erred in permitting the witness Lawler to testify that the window in Steinzig's barroom was raised when he arrived at the saloon after the murder had been committed. (*Yates* v. *People*, 32 N. Y. 509.) The burden of proof as to the alibi is not on the prisoner, and it was error for the court to charge that the alibi should be established to the satisfaction of the jury. (*Walters* v. *State*, 39 Ohio St. 215; *State* v. *Waterman*, 1 Nev. 543; *Howard* v. *State*, 50 Ind. 190; *French* v. *State*, 12 id. 670; *Watson* v. *Com.*, 95 Penn. St. 418; *State* v. *Josey*, 64 N. C. 56; *Miller* v. *State*, 39 Ill. 457; *State* v. *Henry*, 48 Iowa, 403; *Binns* v. *State*, 46 id. 311; *State* v. *Kelly*, 16 Mo. App. 213; *Walker* v. *State*, 42 Tex. 360; *Humphries* v. *State*, 18 Tex. App. 302; 74 Penn. St. 463; *People* v. *Ah Fong Sing*, 64 Cal. 253; *Pollards* v. *State*, 53 Miss. 410; Wharton on Cr. Ev. § 333; *Stokes* v. *People*, 53 N. Y. 164, 181, 182; 56 id. 164; *People* v. *Willett*, 36 Hun, 500, 511; 1 Greenl. on Ev. § 81 b; *People* v. *McCann*, 16 N. Y. 58; *Dubose* v. *State*, 10 Tex. App. 230; *People* v. *Riordan*, 26 N. Y. S. R. 531; *Chapman* v. *E. R. R. Co.*, 55 N. Y. 579, 584; *Greenfield* v. *People*, 85 id. 75, 90; *People* v. *Kelly*, 35 Hun, 295; *People* v. *Hill*, 49 id. 432, 438; *Bradley* v. *State*, 31 Ind. 505; *T. R. R. Co.* v. *Shuckman*, 50 id. 42; *Clem* v. *State*, 42 id. 420, 448; *Murray* v. *Com.* 79 Penn. St. 311, 317; *C., B. & Q.*

*R. R. Co.* v. *Payne,* 49 Ill. 499 ; *Whitfield* v. *Westbrook,* 40 Miss. 311 ; *Ferguson* v. *Fox,* 1 Metc. 83 ; *Mackey* v. *People,* 2 Col. 13 ; *People* v. *Campbell,* 30 Cal. 312 ; *People* v. *Casey,* 65 id. 260 ; *Harrison* v. *S. V. H. G. Co.,* Id. 376 ; *Jones* v. *Talbot,* 4 Mo. 279, 285 ; *Driggs* v. *Phillips,* 103 N. Y. 77, 82 ; *Allis* v. *Leonard,* 58 id. 288 ; *Vedder* v. *Fellow,* 20 id. 126, 130 ; *P. R. R. Co.* v. *Krouse,* 30 Ohio St. 222, 240 ; *Adams* v. *Macfarlane,* 65 Me. 143.) Where the charge is ambiguous and fairly susceptible of two interpretations, one of which is wrong, the judgment will be reversed, even though the appellate court is of opinion that the trial judge intended the correct rule, and the counsel excepting did not understand him. (*Wisdom* v. *People,* 11 Col. 176.) An ambiguous charge, or one which is susceptible of different interpretations, is erroneous, because it gives the jury the right to choose which rule they will follow accordingly as they interpret the language of the judge. (*B. & O. R. R. Co.* v. *Boyd,* 67 Md. 32 ; *Selen* v. *Snyder,* 11 S. & R. 319 ; *Belt* v. *Good,* 31 Mo. 128 ; *McKenna* v. *People,* 81 N. Y. 360, 362 ; *Meyer* v. *Clark,* 45 id. 285 ; Whart. on Cr. Ev. [8th ed.] §§ 329, 333 ; *People* v. *Hill,* 49 Hun, 432, 436 ; *People* v. *Willett,* 36 id. 500.) It is error for a court to discredit the defense of an alibi by injurious remarks against it. (*Stuart* v. *People,* 42 Mich. 255 ; *Benedict* v. *Johnson,* 2 Lans. 94 ; *Pettis* v. *Pier,* 4 T. & C. 94 ; *Costello* v. *S. R. R. Co.,* 65 Barb. 92, 105.)

*James W. Ridgway,* district attorney, for respondent.

RUGER, Ch. J. The appeal in this case, involving as it does the life of a human being, presents the gravest question which can occupy the attention of a judicial tribunal, and, therefore, demands, and should receive, the most careful and deliberate consideration before a final determination shall be pronounced.

In view of the duty thus imposed upon us, we have patiently and carefully read the evidence and the proceedings on the trial with a desire to discover such evidence of the defendant's innocence of the crime charged against him as would enable us, in the discharge of our judicial obligations, to relieve him

from the penalty imposed by the judgment appealed from, but we have been unable to find any sufficient ground for so doing.

The sole question litigated on the trial, and now presented to us for decision, is whether the defendant is the person who murdered Henry Miller. That he was murdered by a wound received from a pistol shot at the hands of some colored person in Stanzig's hotel, at Coney Island, on the night of June 21, 1888, is undisputed. It is also established by uncontroverted evidence that the crime was committed about 11.45 P. M., with deliberation and premeditation, by a man standing in front of the bar and shooting over it at Miller, who was engaged in his customary occupation as a bartender behind it, and received the bullet in his body from which he died within two minutes, uttering only the words "I am shot." Was the defendant the person who fired the pistol? This is the sole question, and for its determination we are required, under the provisions of chapter 493 of the Laws of 1887, to examine the whole case and decide whether, in our judgment, "the verdict was against the weight of evidence or against law, or that justice requires a new trial."

The rules which should govern this court, in the exercise of the jurisdiction conferred by the statute referred to, were stated in the case of the *People* v. *Cignarale* (110 N. Y. 26) by Judge ANDREWS. He says: "In determining whether, in a case brought to this court under the statute of 1887, a new trial should be granted on the merits, this court is bound by the settled rules governing appellate courts possessing and exercising this jurisdiction. It is a cardinal principle in our jurisprudence that the jury is the ultimate tribunal for the investigation and determination of questions of fact. It is no more the province of an appellate court than of the court of original instance to determine controverted questions of fact arising upon conflicting evidence. Neither can lawfully usurp the appropriate functions of the jury, and neither can substitute its own judgment for that of the jury when the facts are reasonably capable of diverse or opposing inferences."

Tested by these rules, we do not think the evidence in the case is such as would justify this court in granting a new trial upon the ground that the defendant was not sufficiently identified as the person who fired the shot resulting in Miller's death. † * * *

It seems to us quite obvious, that the verdict of the jury was not against the weight of evidence, and that there is no sufficient reason to doubt that substantial justice has been done the defendant upon the merits.

No exceptions to evidence are presented that are worthy of serious attention, and but one exception to the charge was taken. The trial judge had instructed the jury, in a charge which was exceptionally unobjectionable, unless the portion hereinafter referred to can be said to be otherwise, among other things, "that an alibi, when established to the satisfaction of the jury, is as conclusive a defense as can possibly be interposed in a criminal case. It need not be established beyond a reasonable doubt; but it should be established to the satisfaction of the jury." It is urged that this charge had a tendency to deprive the defendant of the benefit of a reasonable doubt arising upon the whole evidence.

The court had already charged that "if there is in this case a reasonable doubt, it will be your duty to acquit the defendant;" but "if upon the whole evidence there is not a reasonable doubt it will be your duty to convict the defendant;" and, when the defendant's counsel excepted to the remark of the judge that the alibi "should be established to the satisfaction of the jury," he requested the court to charge in these words: "That if, taking the whole case together, taking the evidence for the prosecution and the evidence respecting the alibi, they have any reasonable doubt of the guilt of the prisoner, they must acquit him;" the court then replied: "I have so charged already." This was quite equivalent to saying that his intention on the whole charge was to so instruct the jury. It seems to us if the jury could have misunderstood the charge,

---

† The omitted portion of the opinion is a full and careful abstract of the testimony.

in the respect referred to, that this deliberate adoption by the court, upon the request of the prisoner's counsel, of the correct rule must have effectually removed any erroneous impression which his previous remark might have made upon their minds. A very similar statement was made in the charge in *Brotherton* v. *People* (75 N. Y. 163) and this court held that the whole charge, taken together, failed to show any error. Here, as there, we are of the opinion that the charge, taken as a whole, laid down the correct rule for the jury."

A thorough examination of the circumstances of the case fails to disclose any sufficient reason to suppose the defendant was unfairly dealt with on the trial.

The judgment of the court below should be affirmed.

GRAY, J. (dissenting). I must dissent from the opinion, in so far as it sustains the entire correctness of the instructions to the jury. In my opinion, a distinct error was committed in instructing the jury that the prisoner's defense of an alibi should be established to the satisfaction of the jury. This error was not cured, or removed by the remainder of the charge. That rule would preclude the jury from giving the prisoner the benefit of any reasonable doubt in their minds, because it would require them to be first satisfied of the truth of that defense. No such strict rule is sanctioned by authority, or in principle. To be satisfied of the truth of a matter is to cease to entertain doubts. If we are satisfied, it is from a conviction which leads to that state of mind.

In such cases, the burden is upon the prosecution to establish, affirmatively, the guilt of the accused; and, upon all matters needed to be proved to constitute the guilt, any reasonable doubt, which the jury may entertain upon the conclusiveness of such proofs by the People, must be resolved in the prisoner's favor. If the doubt is reasonable, that is, if it arises upon the evidence, the jury should give the benefit of it to the defendant. If the instructions to the jury are susceptible of conveying a different impression, the prisoner's rights have been prejudiced, and he should

have a new trial with correct instructions. Especially is this just and right in such a case as this, where the proofs, as to the presence of the prisoner, are not only sharply conflicting, but where some of the witnesses for the prosecution seem to have varied in their evidence upon the several trials of the prisoner. The only issue tendered was upon his identity with the person who committed the murder. Two previous juries had divided equally with respect to the question, and I believe this is peculiarly an instance, in view of all the circumstances, where justice demands that the case of the prisoner should be given to the jury without any obscurity in, or doubt about, their instructions as to the law governing his rights. They should be distinctly informed that the prisoner was entitled to the benefit of any reasonable doubt, which they might entertain with respect to his defense of an alibi, because it is impossible for us to say that the jury may not have derived an erroneous impression upon that question from the judge's instructions, and, for the reasons briefly expressed, I believe that justice requires a new trial.

PECKHAM, J. (dissenting). The result of the charge was to say to the jury that, if there was a reasonable doubt on the whole case, the defendant was entitled to an acquittal, but no such doubt arose unless the jury were satisfied of the truth of the testimony relative to the alibi. This, I think, was error.

I agree with GRAY, J., in believing that a new trial should be granted.

All concur with RUGER, Ch. J., except PECKHAM and GRAY, JJ., dissenting.

Judgment affirmed.