## STATE *v.* THORNTON.

1. The fact that a witness in a criminal trial had incidentally spoken of the defendant as having been arrested upon another charge would not be sufficient to warrant the belief that the jury could have been misled by the charge of the court when speaking of the crime with which the "defendant is charged."

2. The trial court charged the jury: "Where the state makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence, the burden is upon the defendant to make out his defense as to an alibi; and when the proof is all in, both that given for the defendant and for the state, then the primary question is (the whole evidence being considered), is the defendant guilty beyond a reasonable doubt?—the law being that if, after you have considered all the evidence, as well as that touching the question of alibi as the criminating evidence introduced by the state, you have a reasonable doubt of the guilt of the accused, you should acquit; if you have not, you should convict." *Held,* a proper charge and not error.

3. The term "burden of proof," when used in connection with proving an alibi in a criminal trial, does not imply that the defendant must prove his defense by a preponderance of the evidence, or by such evidence as will satisfy the jury that his defense is true, but only that, after the state has made out its case, it devolves upon the accused to introduce

evidence to prove his alibi, if he relies upon such a defense. FULLER, J., dissenting.

(Opinion filed Dec. 3, 1897.)

Error to circuit court, Miner county; Hon. F. B. SMITH, Judge.

Joseph Thornton was convicted of burglary, and brings error. Affirmed.

*A. E. Chamberlain*, for plaintiff in error.

*L. J. Martin*, for the state.

CORSON, P. J. The defendant was tried upon an information, and convicted of the crime of burglary, in the circuit court of Miner county. A writ of error was sued out of this court to that court, and the case is now before us for review. Only three errors assigned need be considered. They are, in effect, as follows: (1) The court erred in allowing the state to add to the information the names of witnesses sworn on the part of the state; (2) the court erred in instructing the jury upon the credibility and weight to be given to the evidence of the defendant as a witness in his behalf; (3) that the court erred in instructing the jury as to the question of alibi, upon which defendant introduced evidence.

The question presented by the first assignment of error is ruled by the decision in State v. King, 9 S. D. 628, 70 N. W. 1046, and need not be further considered.

The question raised by the second assignment of error was substantially disposed of in State v. Smith, 8 S. D. 547, 67 N. W. 619. The contention of counsel for the plaintiff in error that the jury might have understood the court, in speaking of the crime charged, as referring to some crime other than that for which he was then being tried, is not tenable. The fact that a witness had incidentally spoken of the defendant as having been arrested upon another charge would hardly be sufficient to warrant us in believing that the jury could have been misled by the charge of the court when speaking of the crime

with which the "defendant is charged." We think this court must assume that the jury understood the court as referring to the crime for which defendant was being tried.

The third assignment of error presents an important question not heretofore determined by this court. Upon the question of alibi, the court charged the jury as follows: "The defendant claims as one of his defenses what is known in law as an 'alibi'; that is, that at the time the crime with which he is charged was committed, he was at a different place, so that he could not have participated in its commission. Such a defense is proper and legitimate; and upon this question the court instructs you that where the state makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence, the burden is upon the defendant to make out his defense as to an alibi; and when the proof is all in, both that given for the defendant and for the state, then the primary question is (the whole evidence being considered), is the defendant guilty beyond a reasonable doubt?—the law being that if, after you have considered all the evidence as well as that touching the question of alibi as the criminating evidence introduced by the state, you have a reasonable doubt of the guilt of the accused, you should acquit; if you have not, you should convict."

The contention of the counsel for plaintiff in error is that the court erred in instructing the jury that "where the state makes out such a case as would sustain a verdict of guilty," for the reason that the jury might have understood by that expression that the evidence should preponderate in favor of the prosecution, and not that the prosecution should prove such a state of facts as would warrant the jury in believing the defendant guilty beyond a reasonable doubt. But we think this view cannot be sustained, for the reason that the court, in its charge, had, in at least two instances before it came to this part of the charge, instructed the jury that they could not convict the defendant, unless the evidence satisfied them beyond a reasonable doubt of his guilt. Such being the case, no reasonable

jury could have possibly understood that the court was speaking of any other state of facts as sustaining a verdict of guilty. The statement itself also necessarily implies that the evidence of the prosecution must be such as to satisfy the jury beyond a reasonable doubt of the guilt of the defendant. No other state of facts would sustain a verdict. Hence, in either view, the charge, in the respect mentioned, is not subject to criticism.

Counsel for the plaintiff in error further contends that the court erred in instructing the jury that "the burden was upon him [the defendant] to make out his defense as to an *alibi*"; and he relies confidently upon this alleged error for a reversal of the judgment. There is in the earlier cases an irreconcilable conflict in the authorities as to the nature and effect of evidence tending to prove an *alibi*, and to what extent the defendant must sustain such a defense by his evidence, when the state's evidence *prima facie* establishes the guilt of the defendant beyond a reasonable doubt; some courts holding that such evidence must be sufficient to prove the defense beyond a reasonable doubt. In others it was held that the evidence to prove the alibi must be such as to preponderate over the evidence of the prosecution. In the later and we think the better considered cases, the doctrine seems to prevail that, if the evidence upon the defense of alibi is sufficient to raise a reasonable doubt as to the guilt of the defendant when considered in connection with all the evidence in the case, he should be acquitted; but that the burden of making such proof is upon the accused seems to be quite generally recognized.

We shall not attempt in this opinion to do more than to call attention to a few of the later cases and text writers, as the cases seem to be fully collated in 2 Am. & Eng. Enc. Law (2d Ed.) under the title "Alibi." The learned author of that article, on page 56, states his conclusions as follows: "The true doctrine seems to be that where the state has established a *prima facie* case, and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reason-

able doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt of the guilt of the accused. The distinctions which the courts have attempted to make with reference to the burden of proof are apparently of little practical value, as it is universally held that if the evidence introduced to prove an alibi when considered by itself, or in connection with all the evidence in the case, raises a reasonable doubt in the minds of the jury as to the guilt of the accused, he must be acquitted." This is substantially the language used by the supreme court of Illinois in Ackerson v. People, 124 Ill. 563, 16 N. E. 847. In that case the court says: "The law undoubtedly is, where the people have made a *prima facie* case, and the defendant relies on the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such degree of certainty, as will, when the whole evidence is considered, create and leave in the minds of the jury a reasonable doubt of his guilt of the crime charged. Hoge v. People, 117 Ill. 44, 6 N. E. 796; Hopps v. People, 31 Ill. 392, and authorities *supra*." The instruction given by the court below, and sustained by the supreme court, in that case, was as follows: "The court instructs the jury, as a matter of law, that where the people make out such a case as would sustain a verdict of guilty, and the defendant offers evidence, the burden is on him to make out that defense; and as to an alibi and all other like defenses that tend merely to cast a reasonable doubt on the case made by the people, when the proof is in, then the primary question is (the whole evidence being considered, both that given for the defendant and for the people), is the defendant guilty beyond a reasonable doubt?—the law being that when the jury have considered all the evidence, as well that touching the question of alibi as the criminating evidence introduced by the prosecution, then, if they have any reasonable

doubt of the guilt of the accused of the offense with which he stands charged, then they shall aquit; otherwise not." It will be observed that the instructions in the case at bar follow very closely the language of the court in that case. In fact the instructions as to the case of the prosecution being "such a case as would sustain a verdict of guilty," and as to the burden of proof, are identically the same. This case is cited with approval in Carlton v. People, 150 Ill. 181, 37 N. E. 244.

This question was also very fully considered by the supreme court of Missouri in a homicide case (State v. Howell, 100 Mo. 628, 14 S. W. 4); and that court quotes with approval Whart. Cr. Ev. (8th Ed.) § 333. The part material to the question we are now considering reads as follows: "Undoubtedly, if the prosecution makes out a case sufficient to secure a verdict of conviction, then the burden is on the defendant to prove his defense. But, when his proof is in, then the final question is, are the essential averments of the indictment proved beyond a reasonable doubt? And among these essential averments is the defendant's participation in the act charged." And that court adds that "the supreme courts of Indiana, Iowa, and Texas, in well-considered cases have also approved and announced, in express terms, the same doctrine," citing Howard v. State, 50 Ind. 190; State v. Hardin, 46 Iowa, 623; Walker v. State, 42 Tex. 360. It will be noticed that Mr. Wharton uses the expression "then the burden is on the defendant to prove his defense."

In the late case of Harrison v. State, 83 Ga. 129, 9 S. E. 542, the supreme court of that state, in discussing the question of alibi, uses the following language: "Were our own minds not hedged in by authority, we would be inclined to adopt the view expressed by Judge Thompson (2 Thomp. Trials, § 2436, who, after recognizing that the burden of proof is upon the accused, adds: "But, upon the most unshaken grounds, this burden is sustained, and an adequate quantum of proof produced by the defendant, when he succeeds in raising a reason-

able doubt in the minds of the jurors as to whether or not he was at the place of the crime when it was committed.'" Mark the careful language used, "who, after recognizing that the burden of proof is upon the accused, adds."

It is manifest that the term "burden of proof," as used in these decisions, by the text writers, and in the instructions of the court in the case at bar, does not imply that the defendant must prove his defense by a preponderance of the evidence, or by such evidence as will satisfy the jury that his defense is true, but only that, after the state has made out its case, it devolves upon the accused to introduce evidence, if he has any, to prove his alibi, if he relies upon such a defense. In that sense the burden is upon the accused, and, in order to maintain it, he is bound to establish in its support such facts and circumstances as are sufficient, when considered in connection with all the other evidence in the case, to create in the minds of the jury a reasonable doubt of his guilt. Carlton v. People, *supra.* Certainly, no fairly intelligent jury could have understood the charge of the court in any other sense, when they were instructed by the court in the same connection "that, when the proof is all in, then the question is (the whole evidence being considered, both that of the defendant and for the state), is the defendant guilty beyond a reasonable doubt?" We are aware that the expression "the burden of proof" is upon the defendant to make out his defense of an alibi has been criticised by a few courts and by one or more text writers. 1 Bish. Cr. Proc. § 1066. But, when these cases and the text of Mr. Bishop are carefully examined, it will be seen that the criticism has no application to the expression as used by the court in the case at bar. Mr. Bishop seems to be combating the doctrine laid down in some of the older cases, that when the prosecution has made out a case that would sustain a verdict of guilty, then the burden shifts to the accused to establish his alibi by a preponderance of the evidence, which, in effect, requires the defendant to establish his innocence by a preponderance of the evidence;

and he contends, as we hold, that the "question for the jury is whether or not, contemplating the evidence to the alibi, in connection with all the other evidence on both sides, the defendant is guilty beyond a reasonable doubt." He does not question the proposition that the proof of the facts and circumstances tending to establish the alibi must be made by the defendant. In fact, all the authorities agree upon this proposition. If this is so, it is not a mere distinction without a difference to contend that a court may say that the proof of such a defense must come from the defendant, but that it would be error for the court to say the burden of proving these facts is upon the defendant? We conclude, therefore, that the court below committed no error in his instructions; and, finding no error in the record, the judgment of the court below is affirmed.

FULLER, J. (dissenting). My views are so at variance with the reasoning by which my associates have reached the foregoing result that I am impelled to characterize as inconsistent, illogical, and dangerous the instruction which they have commended and approved. By the language used, the jury was required to determine, in the first instance, whether the evidence introduced in support of the charge was sufficient, as a matter of law, to sustain a verdict of guilty, and then to say whether the accused, handicapped by the burden of proof, had made out a defense, or, in other words, proved his innocence. Every student of the law fully understands the exact import of the phrase "burden of proof"; and every juror knows that a defendant in a criminal case, upon whom it is imposed, must make out his defense by the introduction of preponderating testimony, not that which balances merely and would suffice in a civil action, but that which outweighs the evidence of guilt, re-inforced by a presumption of guilt arising from a case made out by the state, sufficient to sustain a verdict of guilty.

The presumption being that plaintiff in error was not present, and is therefore innocent of the crime, it was error to

charge that "the burden is upon him to make out his defense as to an alibi." Although the charge is sanctioned by some elementary writers, and sustained, perhaps, by the greater number of early cases, its tendency has ever been to devest the accused, at a most critical stage of the proceeding, of that humane and protecting principle, the presumption of innocence, with which, for every purpose of the trial, the law has clothed him; and its influence upon a jury is the same as an instruction that evidence sufficient to sustain a verdict of guilty converts such safeguard into a presumption of guilt, and shifts the burden of proof from the accuser to the accused. The subsequent formal, though wholly inconsistent, expression as to proof beyond a reasonable doubt, is not curative in character, and, as this case stood, might have suggested to the jury that, in the opinion of the court, the entire evidence in the case, viewed in the light of such instruction, was sufficient to justify a conviction, unless the defendant had shown by the greater weight of testimony that, at the time charged, he was absent from the place where the alleged crime was committed, and was in no manner connected therewith. As the state, in order to overcome the presumption of innocence, and justify a conviction, was bound to prove beyond a reasonable doubt, unaided by any presumption of guilt, that plaintiff in error was present at and participated in the commission of the offense, the burden never shifted; and if the testimony offered on behalf of the defendant, when considered with all the other evidence in the case, raised a reasonable doubt, he was entitled to a verdict of not guilty. 1 McClain, Cr. Law, 399; Pollard v. State, 53 Miss. 410; People v. Stone, 117 N. Y. 480, 23 N. E. 13; Turner v. Com., 86 Pa. St. 54; State v. Child, 40 Kan. 482, 20 Pac. 275; French v. State, 12 Ind. 670; People v. Nelson, 85 Cal. 421, 24 Pac. 1006; State v. Chee Gong, 16 Or. 534, 19 Pac. 607; Howard v. State, 50 Ind. 190; Toler v. State, 16 Ohio St. 583. The phrase "burden of proof" is defined as that "obligation which the law imposes on a party who alleges the existence of a fact

or thing necessary, in the prosecution or defense of an action, to establish it *prima facie* by proof." The burden of proof is fixed at the inception of the trial, and does not change at any later stage of the proceeding. And. Law Dict.; Underh. Ev. 247; Willett v. Rich, 142 Mass. 356, 7 N. E. 776; Pease v. Cole, 53 Conn. 53, 22 Atl. 681. "In criminal cases the true rule is that the burden of proof never shifts," says Mr. Juctice Clifford in Lilienthal's Tobacco v. U. S., 97 U. S. 266. Tiffany v. Com. (Pa. Sup.) 15 Atl. 462; State v. Wingo, 27 Am. Rep. 329; Phillips v. State, 26 Tex. App. 228, 9 S. W. 557; Conyers v. State, 50 Ga. 103; People v. Elliott, 80 Cal. 296, 22 Pac. 207; Com. v. McKie, 1 Gray 61.

The doctrine that persons accused of crime who rely upon an alibi are not entitled to any benefit from their evidence, unless it preponderates against that offered by the prosecution on that issue, abrogates the fixed theory as to the presumption of innocence, and does violence to the rule that proof beyond a reasonable doubt is essential to a conviction. Mr Bishop, in his New Criminal Procedure, has collated numerous recent and well-reasoned cases in support of his view that the presumption of innocence and burden of proof in no manner change on account of an alibi, and, with characteristic vigor, exemplifies the wisdom of the doctrine, and declares it to be the law of the books. In dismissing the subject, he observes that "some courts, if we follow their language, seem to look upon the alibi as though it were a special and separate defense under a distinct plea. And they appear to hold that the defendant has the burden to prove it; yet only by a preponderance of the evidence, not beyond a reasonable doubt. On the other hand, as the foregoing elucidations make plain, the true doctrine, supported equally by reason and the majority of the cases, is that the presumptions and burden of proof are not changed by the alibi." From page 53, 2 Am. & Eng. Enc. Law (2d Ed.), I quote: "Alibi is regarded by some courts as a special affimative defense, but the better doctrine seems to be that it is not a

'defense' in the accurate meaning of the term, but a mere fact shown in rebuttal of the state's evidence; and, consequently, the evidence introduced to support it should be left to the jury, uninfluenced by any charge from the court tending to place it upon a different footing from other evidence in the case." The headnote fully accords with the opinion reversing the trial court in Humphries v. State, 18 Tex. App. 302, and is as follows: "In a trial for theft, one of the defenses was alibi; and, on the issue raised thereby, the trial court charged the jury as follows: 'If the jury believe that the alibi which has been set up as a defense in the case has been proven, or if they have a reasonable doubt as to the fact of whether said alibi has been proven, they will give the defendant the benefit of it, and acquit him. When an alibi is relied upon as a defense, it rests on the defendant to prove it to the extent of raising a reasonable doubt as to whether the accused is the person who committed the offense charged." Held error. In no criminal trial is the burden of proof shifted from the state onto the defendant. Proof of alibi is not an affirmative proposition by the defendant, but is an attack upon the inculpatory evidence of the state. It may be such as affirmatively disproves the case made by the state, or it may only suffice to legitimately raise a reasonable doubt of the guilt of the accused; and in either case he is entitled to an acquittal." To the same effect, Ayres v. State, 21 Tex. App. 399, 17 S. W. 253. In Kansas the following instruction was given below, and on appeal held sufficient to compel a reversal: "The burden is upon these defendants to show, by a preponderance of the evidence, that this 'alibi' is fairly made out; that is to say, that they have fairly satisfied you by a preponderance of the evidence that at the time when this offense was committed, and where this offense was committed, they were at another place at that particular time. But, while this is the law surrounding that particular branch of the case, you must at all times, gentlemen, bear in mind that you must be satisfied from all the evidence in the case, beyond a reasonable

doubt, ,as to the guilt of these defendants, or either of them, before you will be justified in convicting him." In Howard v. State, *supra*, this language is used: "An erroneous instruction to a jury in a criminal action is not corrected by another which states the law correctly, unless the erroneous one is plainly withdrawn." And in Cunningham v. State, 56 Miss. 269, it was held that "the giving of conflicting instructions is erroneous." The judgment of conviction should be reversed, and the case remanded, with the direction that the accused be tried according to law.