(30 Misc. Rep. 290.)

## PEOPLE v. SHANLEY.

(Supreme Court, Special Term, Kings County.    January, 1900.)

1. CRIMINAL LAW—BURDEN OF PROOF—INSTRUCTIONS.
   It is error to charge that the guilt of defendant should be proved by a preponderance of evidence, instead of beyond a reasonable doubt.

2. ASSAULT—SELF-DEFENSE.
   In a prosecution for assault, when the defendant pleads self-defense, it is error to charge that the burden of proof is on defendant to show that he committed the assault in self-defense, since such evidence merely tends to rebut the allegation that the assault was unlawful, and, if the whole evidence raises a reasonable doubt as to the assault being unlawful, defendant is entitled to an acquittal.

Theodore Shanley was convicted of an assault in the first degree, and applies for a certificate of reasonable doubt, to stay the execution of the judgment pending appeal.    Certificate granted.

W. C. Van Slyke, for the application.

E. S. Rawson, Dist. Atty., opposed.

GAYNOR, J.    The learned county judge charged the jury that "ordinarily in all criminal cases the burden is on the people to establish by a preponderance of evidence the crime charged," but that "where a defendant comes into court and sets up self-defense as a plea, then the rule of law is changed, for the reason that the burden of proof is upon the defendant to show that he did commit the act in self-defense," and that it was necessary for him to establish that fact "by a preponderance of evidence."    It was of course error to charge that the case of the people could be established by a preponderance of evidence, instead of beyond a reasonable doubt.    I should also say that it was "of course" error to charge that the burden of proof was on the defendant to show that he did the act in self-defense, were it not that in Sawyer v. People, 91 N. Y. 667, our court of appeals has said that "the burden would seem to rest upon the defendant to establish to the satisfaction of the jury the existence of a sufficient cause to justify him in the use of a deadly weapon"; and this seems to be accepted as the law in People v. McCarthy, 110 N. Y. 309, 18 N. E. 128, though the point was clearly not before the court, the trial judge having changed his charge to that effect by charging instead that "the burden of proof is on the people all through; that the defendant is not obliged to satisfy the jury of anything."    The learned county judge followed these decisions.    But is this the law?    The decision in People v. Riordan, 117 N. Y. 71, 22 N. E. 455, seems to be to the contrary.    When a defendant introduces evidence to show that he acted in self-defense, is he doing anything more than rebutting the claim of the prosecution that he willfully and feloniously committed the murder or (which is this case) the assault?    In fact, there is no such thing as an affirmative defense in a criminal prosecution.    All of the defendant's evidence comes in under the general issue.    The issue in the present case was not whether the defendant committed the assault, but whether he unlawfully committed it.    It was for the prosecution to prove this.    When the prosecution had given evidence

tending to show that the assault was unlawful, then it was for the defendant to give evidence to rebut this. Evidence by him of facts warranting him in acting in self-defense, or showing that the act was accidental, would not be evidence on an affirmative issue made by him, but on the general issue. It is from the beginning for the prosecution to prove that the act was unlawful; the burden is at no time on the defendant to establish "by a preponderance of evidence," or "to the satisfaction of the jury," or in any other way, that it was not unlawful. It is true that a certain amount of evidence by the prosecution, aided by the inferences and presumptions which the law permits to be drawn from it, may present a question of fact for the jury which the defendant must meet, instead of an acquittal being directed; but that is far from saying that the burden of proof is thereby put upon the defendant. The two things seem sometimes to be confused. A rule of evidence which governs the trial seems sometimes to be mistaken for a rule of pleading at the end of the trial. In the same way, we find it sometimes said of an alibi that it is for the defendant to prove it "to the satisfaction of the jury" (People v. Stone, 117 N. Y. 480, 23 N. E. 13), and that when made out it is the best, or most conclusive kind of a defense (as though one defense made out could be any better or more conclusive than any other defense made out). And yet an alibi is not an affirmative defense for which the burden of proof is on the defendant. The burden of proof is on the prosecution to show that the defendant was present and committed the crime. Evidence by the defendant that he was not present is only in rebuttal of what the prosecution must prove.

At the close of the charge the counsel for the defendant after excepting to the foregoing part of the charge putting the burden of proof on the defendant, asked the court to charge "that the burden of proof is on the people from beginning to end." This was refused and an exception was taken to the refusal. Later on the court charged at the request of the defendant's counsel that "the defendant need not show beyond a reasonable doubt or by a preponderance of proof that he committed the shooting in self-defense; it is sufficient if the evidence to that effect raises a reasonable doubt"; and also that "the rule of law is that where a defendant undertakes to explain, justify or excuse the commission of the shooting, if upon this evidence and the evidence of the people taken together, there arises a reasonable doubt of his guilt he is entitled to an acquittal." This is wholly inconsistent with the part of the charge that the burden was on the defendant to prove by a preponderance of evidence that he acted in self-defense. And yet what must the jury have understood from the whole matter? Could an intelligent layman understand otherwise than that the burden was on the defendant to establish his claim of self-defense, or else a reasonable doubt, by a preponderance of evidence? Was not the subject left in confusion at best?

I feel obliged to grant the certificate.