## Supreme Court—Appellate Division—Second Department.

March, 1900.

## PEOPLE v. THEODORE SHANLEY.

1. CRIMINAL LAW—SELF DEFENSE—CHARGE.

A charge that the burden of proof is upon the defendant to show that he did commit the act in self defense, and that he must establish such fact by a preponderance of evidence, is error. The rule is that in criminal cases the defendant is entitled to the benefit of a reasonable doubt, not only as to the case made by the prosecution, but as to any defense which he has interposed.

2. SAME—CHARGE—ERROR CURED.

Though, in answer to subsequent requests to charge, the court laid down correct rules of law as to reasonable doubt and the effect to be given to all the testimony, the previous error in the charge is not cured where the two propositions remain without modification or qualification, to the effect that the burden of establishing a defense had shifted to the defendant, and that it did not remain upon the people from the beginning to the end.

3. SAME—DISTRICT ATTORNEY'S STATEMENT.

A statement by the prosecuting officer to the jury that the defendant's counsel has advised the defendant to plead guilty, is reversible error.

APPEAL from a judgment of the county court of Richmond County, entered upon the verdict of a jury, at a trial term thereof, held in and for the county of Richmond, convicting· the defendant of the crime of assault in the first degree.

Warren C. Van Slyke, for appellant.

Sidney F. Rawson, for respondents.

HATCH, J.—The evidence was amply sufficient to sustain the charge contained in the indictment, and justified the conviction of the defendant thereunder.    The shooting upon which conviction was predicated was admitted, and the answer made thereto was a justification that it was done in self-defense.  The only question upon which error is predicated·arose upon the proceedings had upon the trial, and in the submission of the case by the court to the jury.   Considering the latter question first, we find that the court, after stating the offense with which the defendant was charged in the indictment, and discussing the question of intent as essential to be found as a necessary ingredient of the crime, called attention to the answer made by the defendant, and said: "Now, where a defendant sets up this as a defense, then the principle of law governing a criminal case is changed.   Ordinarily in all criminal cases the burden is upon the people to establish by a preponderance of evidence the crime charged. * * * But where a defendant comes into court and sets up self-defense as a plea, then the rule of law is changed, for the reason that the burden of proof is upon the defendant to show that he did commit the act in self-defense.   Therefore, if you consider his defense as being one entitled to serious consideration, you must find that this defendant has established it, on his part, by a preponderance of evidence." Counsel for the defendant excepted to that part of the charge wherein the court said: "that the burden ever shifts from the people, even in the case of self-defense," and in that connection asked the court "to charge that the burden of proof is upon the people from the beginning to the end." The court declined so to charge, and exception was taken.   Subsequently, upon the request of counsel for the defendant, the court charged: "The defendant

need not show beyond a reasonable doubt or by a preponderance of proof that he committed the shooting in self-defense ; it is sufficient if the evidence to that effect raises a reasonable doubt in the minds of the jury, and if there is such a doubt you must acquit : " and further : " that the rule of law is that where a defendant undertakes to explain, justify or excuse the commission of the shooting, if, upon his evidence and the evidence of the people taken together, there arises a reasonable doubt of his guilt, he is entitled to an acquittal."

It is clear that the charge as made by the court, that the burden of proof was upon the defendant to show that he did commit the act in self-defense, and that he must establish such fact by a preponderance of evidence, was error. The rule is that in criminal cases the defendant is entitled to the benefit of a reasonable doubt, not only as to the case made by the prosecution, but as to any defense which he has interposed. People v. Riordan, 117 N. Y., 71. In criminal cases the burden of proof always remains the same, and rests upon the prosecution. After the prosecution has introduced its evidence, if it be sufficient in weight to make a *prima facie* case of guilt, it is to be submitted to the jury with instructions that, in order to convict, they must be satisfied from the evidence, beyond a reasonable doubt, that the defendant is guilty of the crime charged in the indictment, or some degree of the crime ; the defendant under such circumstances being entitled to have considered as bearing thereon all of the circumstances surrounding the transaction, and the inferences arising therefrom. If the defendant introduce evidence in denial of the commission of the offense or in justification of the act, or of any other matter which tends to exculpate him from the charge of guilt, he is entitled to have such testimony considered, not alone upon the question as to whether the exculpating circumstances establish a defense by a preponderance of proof, but also upon the question of whether all the evidence, both of the prosecution and of the defendant, raises a reasonable doubt of his guilt. If so, the defendant is entitled to an acquittal ; and at all times, during the whole course of the trial, from the beginning to the end, the burden remains upon the prosecution to establish the crime charged, to the satisfac-

tion of the jury, beyond a reasonable doubt. 1 Greenleaf on Evidence, sec. 74, note [a]; Wharton's Criminal Evidence, 8th ed., sec. 322; Commonwealth v. McKie, 1 Gray, 61; People v. Nino, 149 N. Y., 317; Brotherton v. The People, 75 N. Y., 159.

The learned district attorney relies upon People v. Stone, 117 N. Y., 480; Sawyer v. The People, 91 N. Y., 667; People v. McCarthy, 110 N. Y., 309; and O'Connell v. People, 87 N. Y., 377, as establishing a rule contrary to that announced by the foregoing authorities, his claim being that the doctrine of these cases is that the burden shifts in a case where the defense interposed is that of self-defense, and that he must establish facts sufficient to raise a reasonable doubt. It may be said in answer to this claim that the court in the body of the charge did not go even to the extent of the claim, the charge upon that subject being that the defendant was bound to establish his defense by a preponderance of evidence and that the burden was upon him. The court refused to charge that the burden was upon the people from the beginning to the end. When the cases relied upon by the people are carefully examined, it will be found that they do not furnish authority for the charge that the burden of proof ever shifts from the people to the defendant. A review of them clearly shows this fact: People v. Stone, *supra*, was a case of homicide. The defense was an alibi. The court charged the jury " that an alibi, when established to the satisfaction of the jury, is as conclusive a defense as can possibly be interposed in a criminal case. It need not be established beyond a reasonable doubt; but it should be established to the satisfaction of the jury." The claim was that this charge deprived the defendant of the benefit of a reasonable doubt arising upon all the evidence. To this charge the defendant excepted, and at the same time requesting the court to charge " that if, taking the whole case together, taking the evidence for the prosecution and the evidence respecting the alibi, they have any reasonable doubt of the guilt of the prisoner, they must acquit him," to which the court replied: " I have so charge already." It was held by a divided court, Judges Gray and Peckham dissenting, that the charge as made by the

court was erroneous, but that the subsequent charge upon the same subject cured whatever of error existed, and left the jury to find upon all of the testimony, including that tending to establish an alibi, that if it raised a reasonable doubt it was their duty to acquit. The dissent was based upon the ground that the subsequent charge did not cure the charge as made, as it left the jury to say that no doubt could arise unless they were satisfied of the truth of the testimony relative to the alibi. It is thus apparent that the decision of the whole court recognized the fact that the charge as first made was error; the division was upon the question as to whether such error had been cured. This case is not authority for the proposition that the defendant is required to establish his defense to the satisfaction of the jury or by a preponderance of proof. If there be a reasonable doubt, the defendant is entitled to the benefit of that doubt.

In O'Connell v. The People, *supra*, the court did not depart from the well-settled rule that upon the whole issue, including the testimony on the part of the people and on the part of the defendant, the burden of establishing guilt beyond a reasonable doubt rests upon the people. The court in that case so charged. As to insanity, the court recognized the established presumption that every man is presumed to be sane until such presumption is overthrown by proof. But when such issue is raised the proof thereon is to be considered upon the whole question, and the prosecution holds the burden of proof of satisfying the jury beyond a reasonable doubt that the defendant was mentally responsible and capable of understanding the nature, character and quality of the act and that it was wrong. The question in the case was not a quarrel over any rule, but whether the correct rule had been applied, and the court held that it had been.

In People v. McCarthy, *supra*, the defendant was convicted of the crime of manslaughter in the second degree; the defense was justification of the act causing death. The court, in charging the jury upon this subject, said : "The defendant attempts to justify the facts of killing. It is for the defendant to satisfy you that if you find, as matter of fact, that the killing was done

and that the defendant did it, that he was justified in the act."
To this charge the defendant excepted, and requested the court
"in that connection, to charge that the burden of proof is upon
the people all through; that the defendant is not obliged to
satisfy the jury of anything." The court so charged, and such
charge was held to be correct. In commenting upon this sub-
ject the court said: "No doubt the burden of proving the ac-
cusation, that is the guilt of the defendant, was upon the plain-
tiff, and so the court charged, but the burden of justifying the
use of a deadly weapon was on the defendant Sawyer v. Peo-
ple, 91 N. Y., 667)." The case cited in support of the text
amply sustains the statement made by the court. This lan-
guage is to be construed, when speaking of the burden to be
borne by the defendant, as meaning that his evidence must be
of such character as tends to establish a defense, and, when con-
sidered with all the other evidence, operates to prove a defense
or to create a reasonable doubt. When the people have made
a case which establishes the guilt of the defendant beyond a
reasonable doubt, it may always be said that the defendant is
called upon to answer, and in a sense it may be said that he is
required to establish his defense. In this sense he bears a bur-
den, but he is not required to satisfy the jury of anything. If
his proof fall short of establishing justification, it may yet be
sufficient to establish a defense by creating a reasonable doubt
of his guilt, and if it go to this extent he is entitled to an ac-
quittal. The people, in establishing the commission of a crime,
may rest upon the presumption that the accused person is sane,
and in the absence of proof upon the subject such presumption
will stand as a fact established. In no true sense, however, can
it be said that the defendant is burdened with the duty of satis-
fying the jury that he was insane. If he offer proof upon that
subject which has any tendency to establish irresponsibility, the
people are burdened with the obligation of establishing res-
ponsibility beyond a reasonable doubt; and the same rule must
be applied to any criminal case where the evidence tends to
exonerate the defendant from the consequences of a given act.
This is the exact rule laid down in O'Connell v. The People, *supra*,
and Brotherton v. The People, *supra*. The same learned judge

who wrote the opinion in the O'Connell case also wrote the opinion in the McCarthy case.

It is clear that the rule established by these cases is not other or different from the rule in the first cases cited herein. They are all in harmony. The confusion arises out of the fact that the court speaks of the burden being upon the defendant; but this relates merely to the order of proof, and not to the weight which the jury may attach to the testimony. There is no shifting of the burden from the people to the defendant at any time, and in this respect the court fell into error in its charge in the case at bar. It is said that the error was cured. When the defendant first called the attention of the court by an exception to the charge: "It is sufficient for the people to make out their case by a preponderance of evidence," and then requested the court to charge that the people must not only prove their case by a preponderance of evidence, but beyond a reasonable doubt, the court so charged. This was followed by an exception to that part of the charge wherein the court had stated that the burden shifts from the people to the defendant, and by a request to charge that the burden of proof is on the people from the beginning to the end. The court declined so to charge, to which the defendant excepted. The court, in reply to the two subsequent requests to charge, which we have already quoted did not cure the error into which it had fallen. He nowhere stated that the burden of establishing the defense had not devolved upon the defendant, nor did he at any time correct the charge that the burden is shifted from the people to the defendant. While in answer to the two subsequent requests to charge, the court laid down correct rules of law as to reasonable doubt and the effect to be given to all the testimony, yet the two propositions remained without modification or qualification, to the effect that the burden of establishing a defense had shifted to the defendant, and that it did not remain upon the people from the beginning to the end. The fact that the court charged that the people must prove their case beyond a reasonable doubt, immediately prior to refusing to charge that the burden of proof ever shifts from the people to the defendant, even upon the question of self-defense, and refused to charge that the burden

of proof is upon the people from the beginning to the end, must have left upon the jury the settled impression that, while the burden rested upon the people of establishing guilt beyond a reasonable doubt, yet it was subject to the shifting of the burden of establishing the defense to the defendant, which limited the obligation of the people to bear the burden from the beginning to the end. If this be true, the jury were left with an erroneous instruction in respect to the law and the rights of the defendant.

We are also of opinion that error was unwittingly committed by the learned district attorney in his unauthorized statement to the jury, which arose upon the cross-examination of the defendant. It appeared that the district attorney had visited the jail in the discharge of his official duties, and while there saw the defendant. Upon the trial he asked the defendant: "Didn't you say you had shot this man? A. I don't remember. Didn't you ask me how much you were going to get? Mr. Van Slyke: Objected to; objection overruled; exception. Q. Yes or no. Didn't you ask me how much time you were going to get if you plead guilty? A. Yes, sir; I did say it; you had me scared. Mr. Rawson: And Mr. Van Slyke offered to let this man plead to assault in the second degree? Mr. Van Slyke: I object (statement of district attorney is struck out)." This statement by the district attorney was nothing that the witness had said to him, but it was a statement that the defendant's attorney had offered to let the defendant plead guilty to assault in the second degree. The statement was wholly unauthorized, and was distinctly prejudicial to the defendant in the highest sense. The vice of it lay in the fact that it was the act of the attorney for the defendant, which was referred to, advising a plea of guilty to assault in the second degree, and was, in effect, saying to the jury: "The defendant's attorney knows the man is guilty, as he advised him to plead guilty to assault in the second degree." The jury could get no other impression from this statement than that the defendant was guilty either of the act with which he was charged or of some degree of such offense, and that both he and his attorney knew it. Within the rule laid down in People v. Fielding, 158 N. Y., 542, this constitutes reversible

error. While we do not hold the view that every improper thing which a prosecuting officer may say or do in the course of a trial should be regarded as reversible error, and while from personal experience we are quite aware that in most case there is provocation from the defendant or his counsel inducing such an argument to the jury, yet we believe no case can be found which justifies a statement by the prosecuting officer to the jury that the defendant's counsel has advised the defendant to plead guilty. Such was the statement here.

These views require a reversal of the judgment of conviction. All concur.

## NOTE ON REASONABLE DOUBT.

CHARGE.—In every case, the prisoner upon trial is entitled to have an instruction that his guilt must be proved beyond a reasonable doubt. People v. Friedland, 11 N. Y. Cr. 63; 73 S. R. 516.

A statement in a charge in a criminal action, that the rule that the defendant's guilt must be established beyond reasonable doubt does not mean that it must be conclusively established, is erroneous. People v. Stephenson, 9 N. Y. Cr. 485; 11 Misc. 141; 66 S. R. 566.

A charge, which casts on the defendant the burden of establishing justification beyond a reasonable doubt, is erroneous. People v. Hill, 10 N. Y. Cr. 212; 65 Hun, 420; 47 S. R. 777.

An instruction that, if the jury are convinced, beyond a reasonable doubt, of the guilt of the defendant, they may convict, no matter what opinion they have as to the testimony of a certain named witness, is not erroneous. People v. Spiegel, 9 N. Y. Cr. 60; 75 Hun, 161; 56 S. R. 727.

CONVICTION.—A reasonable doubt cannot be said to exist where the jury are so firmly convinced of the facts necessary to establish the prisoner's guilt that, if it was a very grave and serious matter affecting their own affairs, they would not hesitate to act upon such conviction. People v. Hughes, 9 N. Y. Cr. 278; 137 N. Y. 29: 50 S. R. 62.

GUESS.—A reasonable doubt is not a mere guess or surmise that the man may not be guilty, but is such a doubt as a reasonable man may entertain after a fair review and consideration of the evidence. People v. Friedland, 11 N. Y. Cr. 63; 73 S. R. 516.