## PEOPLE v. EPASKI.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. HOMICIDE—SELF-DEFENSE—INSTRUCTIONS.

Where self-defense is relied on as a defense to a homicide, it is error to charge that it is the duty of the state to prove every material fact beyond a reasonable doubt to the satisfaction of the jury; but, if defendant admits the killing, the jury is to say whether he has established to their satisfaction that he was justified therein, since the burden is on the state to show beyond a reasonable doubt that the killing was not in self-defense.

2. SAME.

An erroneous instruction in a homicide case that if the knife was thrust in defendant's face, and he believed his life in danger, he had a right to shoot, and the only question for the jury in such case is whether the verdict be manslaughter in the first degree or acquittal, is not cured by read-

ing the justifiable homicide law to the jury, since such law nowhere states that justifiable homicide requires an acquittal.

Appeal from Westchester county court.

Nicholas Epaski was convicted of manslaughter, and he appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

John Palmieri, for appellant.
George C. Andrews, Dist. Atty., for respondent.

HIRSCHBERG, J.   A large number of alleged errors are assigned by the appellant, of which but two will be considered in disposing of the appeal.   The others mainly relate to rulings upon the admission or rejection of evidence, and may be obviated on another trial.

The indictment charged murder in the second degree.   It was substantially admitted that the defendant shot and killed the deceased, but the defendant claimed that he was acting in self-defense.   In support of the defense, evidence was given tending to establish that at the time of the shooting the deceased was engaged in a violent assault upon the defendant with a knife, and from which the defendant might reasonably have apprehended an intent to take his life.   The learned trial court charged correctly on the general propositions as to the burden of proof, and the necessity of the establishing by the prosecution of every essential element of the defendant's guilt beyond a reasonable doubt, and was then requested by defendant's counsel to charge as follows:   "Defendant is not required, as a matter of law, to establish beyond a reasonable doubt the defense of justifiable homicide, but, on the contrary, the burden is upon the prosecution to prove that the killing was without justification, and this must be established by evidence beyond a reasonable doubt."   The court said: "I charge you, gentlemen, upon that question, that it is the duty of the people to prove to your satisfaction beyond a reasonable doubt every material fact necessary to make out their case, but that in this case, if you find that the defendant admits the killing, then you are to say whether he has established to your satisfaction that he was justified in killing."   To this the defendant excepted.   The charge was clearly erroneous.   It precluded an acquittal unless the defendant succeeded in establishing his justification to the satisfaction of the jury, notwithstanding the fact that it might be adequate to create a reasonable doubt upon that point.   The error was emphasized by the court in its response to a further request, viz. that "the defendant at the bar is not required, as a matter of law, to prove his innocence, and, before the jury can consider his defense at all, they must be satisfied beyond a reasonable doubt that the prosecution has established its case against said defendant."   In response to this request, the court said:   "I so charge, except as before stated.   If you find that the defendant admits the shooting, then it is for him to prove to your satisfaction that he was justified in doing the shooting."   To this the defendant excepted, and also excepted generally to that portion of the charge "wherein it was stated that, if the jury find that the de-

ceased was killed by the defendant, it is incumbent upon the defendant to show whether the shooting was justifiable or not."

That the charge was erroneous requires no special discussion. The subject was thoroughly considered in People v. Shanley, 49 App. Div. 56, 63 N. Y. Supp. 449, and the true rule stated by Mr. Justice Hatch, at page 60, 49 App. Div., page 453, 63 N. Y. Supp.:

"When the people have made a case which establishes the guilt of the defendant beyond a reasonable doubt, it may always be said that the defendant is called upon to answer, and, in a sense, it may be said that he is required to establish his defense. In this sense he bears a burden; but he is not required to satisfy the jury of anything. If his proof fall short of establishing justification, it may yet be sufficient to establish a defense by creating a reasonable doubt of his guilt, and if it go to this extent he is entitled to an acquittal."

The second ground of error to be considered is presented by a portion of the main charge in these words:

"Now, if the knife was thrust into the face of this defendant, if the threat was made, and the defendant believed that his life was in danger, then he had a right to shoot, and the only question for you then would be whether it is manslaughter in the first degree or acquittal entirely."

The learned district attorney does not attempt to justify this part of the charge, but claims that it was not prejudicial to the defendant, inasmuch as the jury afterwards asked to have the law relating to justifiable homicide read to them. The court did, it is true, read to the jury the definition of "justifiable homicide" as contained in the Penal Code, but the definition contains no statement or suggestion that justifiable homicide requires an acquittal, and the court nowhere qualified the previous statement that, if the jury believed the killing was justifiable, it would still be their duty to determine whether the defendant should be acquitted or convicted of manslaughter in the first degree. Nor can it ever be said that a defendant is not prejudiced when the jury, having been told that he must prove to their satisfaction that he has killed his assailant in self-defense, are further informed that, even upon such proof, they may convict him of the crime of manslaughter in the first degree. The only way to cure such an error or to destroy its harmful effect would be to explicitly withdraw the erroneous charge, and to substitute the correct rule in its place.

The judgment must be reversed. All concur.