Nov. Term,
1846.

BLOOMHUFF *v.* THE STATE.

BLOOMHUFF
v.
THE STATE.

The keeping in a public place of "a certain common, ill-governed, and disorderly room," and procuring and suffering, for lucre, disorderly persons to meet and remain therein by night and by day, "drinking, tippling, cursing, swearing, quarrelling, making great noises, rolling bowls in and at a game commonly called ten pins," &c.,—is a public nuisance and indictable.

If on an indictment for a nuisance against three persons, the jury find one guilty and say nothing as to the others, judgment may be rendered against the one found guilty.

A conviction on an indictment charging a nuisance in the above language, does not authorize the Court to order the "ball alley" to be abated.

8b    205
f169    382

ERROR to the *Allen* Circuit Court.

Wednesday,
November 25.

DEWEY, J.—This was a prosecution for a public nuisance. The indictment was against the plaintiff in error and two other persons, charging them with keeping, in a public place, "a certain common, ill-governed, and disorderly room," in which, for lucre, they procured and suffered disorderly persons to meet, by night and by day, and to remain there "drinking, tippling, cursing, swearing, quarrelling, making great noises, rolling bowls in and at a game commonly called ten pins," &c. A motion to quash the indictment was overruled. The defendants pleaded not guilty. The jury found the plaintiff in error guilty and assessed his fine at one dollar; there being no finding as to the other defendants. The Court rendered a judgment on the verdict, and for costs against the plaintiff in error; and they further ordered that the sheriff "remove and abate the nuisance, to wit, the ball alley."

The errors assigned are, first, the refusal of the Court to quash the indictment; secondly, rendering judgment on the verdict finding but one defendant guilty, and saying nothing as to the other defendants; thirdly, ordering the ball alley to be removed and abated.

The first two objections are without foundation. The offence charged in the indictment is a public nuisance, and indictable. *The State* v. *Bertheol*, 6 Blackf. 474.—R. S. 1843, p. 974. It was competent for the jury to find one of the defendants guilty, and the others not guilty; the one found guilty therefore, we think, cannot complain that nothing was said by the jury of the other two. But the order for the abatement of the ball alley was unauthorized. The statute

provides that after any person shall have been convicted of erecting or maintaining a public nuisance, the Court may make it a part of the judgment, that such nuisance be removed by the sheriff. R. S. 1843, p. 974. In the cause before us neither the ball alley, nor the room in which it was kept, was the nuisance of which the plaintiff in error was convicted. The nuisance was in the manner in which they were kept. The ball alley in itself was no nuisance.

*Per Curiam.*—That part of the judgment which imposes the fine and costs is affirmed, and the residue is reversed. Cause remanded, &c.

*W. H. Coombs*, for the plaintiff.

*A. A. Hammond*, for the state.