SPENCE v. THE STATE.

An indictment against a person for having in his possession counterfeit bank-notes with intent to put them in circulation, need not state that the intent

Nov. Term,     was to pass them in the county where the indictment was found; nor is proof
1846.       of an intent to pass them in such county necessary.

SPENCE          The refusal to change the venue in a criminal case cannot be assigned for error.
v.          The defendant in such case cannot claim, on his arraignment, a continuance
THE STATE.   without showing cause.

The refusal to continue a cause may be assigned for error; and the rules, as to granting continuances, are the same in civil and criminal cases.

Such an indictment as that above mentioned was found on the first day of the term, and, on the second day thereof, the defendant being arraigned, moved for a continuance on an affidavit made by him, stating that he could not safely go to trial for the want of the evidence of A. and B. of Massac county, Illinois; that he expected to prove and could prove by them and each of them, that he was an honest and upright man in all his dealings; that he expected to prove by them how he came into possession of the counterfeit money named in the indictment; that it was passed to him in an honest transaction so far as he was concerned; that he never knew or judged said money to be counterfeit until he was arrested on said charge; that he knew of no witness within the jurisdiction of the Court by whom he could prove the same facts; that he could obtain their testimony by the next term; and that the affidavit was not made for delay, &c. The motion was overruled. *Held*, that the continuance should have been granted.

Saturday,          ERROR to the *Carroll* Circuit Court.
December 5.

PERKINS, J.—This was an indictment charging the defendant with having in his possession counterfeit bank-notes with intent to put the same in circulation.   Plea, not guilty; verdict against the defendant, fixing his punishment at two years' confinement in the state-prison and a fine of fifty dollars.   Judgment on the verdict.

Before the trial commenced, the defendant moved the Court to quash the indictment.   The motion was overruled. He then moved on affidavit filed for a change of venue.   The motion was overruled.   He next moved for a continuance of the cause, as a matter of right, till the next term of. the Court.   The motion was overruled.   He renewed his motion for a continuance on cause shown in an affidavit filed.   The motion was again overruled.   He asked the Court, at the proper time, to instruct the jury that they must be satisfied, beyond a reasonable doubt, that the defendant intended to pass the counterfeit money in question in the county of *Carroll*, where he was indicted, before they could convict him. The instruction was refused.   The rulings of the Court upon these several points constitute the errors complained of.

The motion to quash was based on the ground that the indictment was defective in not charging an intention to pass

the counterfeit money in *Carroll* county. We think this ob-
jection not well grounded. The section of the statute on
which this indictment is predicated (R. S. sect. 31, p. 967),
makes the offence to consist in the possession of counterfeit
money, knowing it to be such, "at the time current or in
circulation in this state," "with intent to put or have the
same put in circulation." It is not necessary to the comple-
tion of the offence, that the person charged should have fixed
in his mind upon any particular place where this circulation
should, through his agency, commence. The Court did right
in refusing to quash the indictment. And the same reason
that supports the decision of the Court in refusing to quash,
sustains their denial of the instruction asked, as that instruc-
tion but raised, in another form, the question decided on the
motion to quash, viz., the necessity of an intention to circulate
the money in the county where the indictment was found.

The question as to whether the Court did right in refusing
the change of venue is not for our determination. Whether
that change should or should not be granted was a matter
entirely in the discretion of the Circuit Court. It was so
held under the statute of 1838; 5 Blackf. 576, 579; and
we think the statute of 1843 upon the subject is substantially
like that of 1838. The latter provides that the change may
be granted "at the discretion," and the former, at the "fair
and sound discretion," of the Circuit Court. By the statute
of 1838, we presume that no other than a fair and sound dis-
cretion was contemplated.

The demand of a continuance as a mere matter of right,
without cause shown, we think was correctly denied. The
counsel has brought to our notice no law showing such a
right to a continuance, and we are not aware that such a
right exists on the part of persons arraigned upon indictment.

The refusal of the Court to continue the cause upon the
affidavit filed presents a more difficult question. It is well
settled in this state, that a refusal by the Circuit Court to
grant a continuance where the party asking is entitled to it,
is error. *Vanblaricum* v. *Ward*, 1 Blackf. 50.—*Fuller* v.
*The State*, *Id*. 63. And since the provision in the R. S. of
1843, giving the right to defendants to take depositions in
criminal cases, it seems to us there can be no difference in

Nov. Term, 1846.

the rules, as to granting continuances, in civil and criminal cases.

In the present case, the indictment was found on the first day of the term of the Court at which it was returned. On the second day of the same term the defendant was arraigned upon it; at which time he moved a continuance of his cause till the next succeeding term of the Court, upon the following affidavit: ' "Personally appeared in open Court, *George W. Spence*, the above-named defendant, and being duly sworn upon his oath says, that he cannot safely enter into trial of said cause, at the present term of this Court, for the want of the evidence of *John Reed* and *John Carmichael* of *Massac* county, *Illinois;* that he expects to prove and can prove by said witnesses, and each of them, that he is an honest and upright man in all his dealings; and further, he expects to prove by said witnesses, the way and manner he came into possession of the counterfeit money named in said indictment; that it was passed to him in an honest transaction so far as he, deponent, is concerned; that he never knew or judged said money to be counterfeit until arrested on the present charge. He further swears, that he knows of no witness within the jurisdiction of said Court by whom he can prove the same facts;" with the usual conclusion that he can obtain the testimony by the next term of the Court, and that the affidavit was not made for delay, &c.

We think this affidavit complies with the statutory requisition, and that under the circumstances of this case, the continuance should have been granted.

*Per Curiam.*—The judgment· is reversed. Cause remanded, &c.

*D. Mace*, for the plaintiff.

*A. A. Hammond*, for the state.