## ROSENCRANTS *v.* THE STATE.

An indictment was found against *A.*, on the 21st of *November*, 1854, for the murder of *B.*, alleged to have been committed on the 11th of *October*, 1854; and he was immediately put on trial, and found guilty of murder in the second degree. The homicide was committed when *A.* and *B.* were both drunk, and the evidence consisted chiefly of *A.*'s confessions, and the testimony of one *C.* to a threat made by *A.* about eighteen months before, &c. The case did not seem to be one of great aggravation. Motion for a new trial,

May Term,
1855.

─────────

ROSENCRANTS
v.
THE STATE.

on the affidavit of *A.* that he was surprised by *C.'s* evidence, and that it was false, which he could prove, if a new trial were granted, by persons named; that he had been in confinement ever since the death of *B.*, and had had no opportunity to prepare, and no means wherewith to employ counsel; that the defence was made by counsel assigned to him when the case was called for trial, who knew nothing of the circumstances, except as they were developed in the evidence, &c. *Held,* that, under all the circumstances, a new trial ought to have been granted.

*Monday,*
*June 11.*

APPEAL from the *Perry* Circuit Court.

STUART, J.—The defendant was indicted in the *Perry* Circuit Court for the murder of *James B. Jagers;* tried and convicted of murder in the second degree; and sentenced to the penitentiary for life.

At the proper time a motion for a new trial was interposed and overruled; exception was taken; and the evidence was made part of the record.

The only question of importance, claiming consideration, arises on the motion for a new trial.

The motion was predicated on the affidavit of the defendant that he was surprised by the evidence of one *Horne*, a witness for the state, who testified to a threat made by the prisoner eighteen months before the alleged murder, that "if *Jagers* ever crossed his path or insulted him, he would kill him;" that this statement of *Horne* is false, and that if a new trial be granted he can prove it so by certain persons named; that he had been in confinement ever since the death of *Jagers*, and had no opportunity to prepare, and no means wherewith to employ counsel; that the defence was made by counsel assigned him when the case was called for trial, who knew nothing of the circumstances except as they were developed in the evidence, &c.

The defendant and *Jagers* were both drunk at the time of the homicide. They fought several times, and the prisoner got the worst of it. Almost the only evidence of what took place is what the prisoner relates himself; and it appears that he was too drunk to have a very clear idea of what did happen. Between the encounters the prisoner was seen by *Miller*, who testifies that his face was bloody, the hair torn down over it, his shirt torn, &c. He was in

May Term, 1855.

ROSENCRANTS
v.
THE STATE.

a violent rage, inquiring for a gun, and threatening vengeance on *Jagers*. He then returned to his house, where *Jagers* was, when, as the prisoner relates it, they had another encounter; that *Jagers* had him down, and had the fire-shovel, which the prisoner, in the struggle, got from him, and with it killed *Jagers*.

We are of opinion that on this state of facts the prisoner was entitled to a new trial. Without the evidence of *Horne*, the case is not one of very great aggravation. Aside from what *Horne* testifies, there is no evidence of premeditated malice. The position of the prisoner, in jail, without counsel and without means to employ such aid, is to be considered. It was not in his power to know what case the state would make against him, or by what witnesses. If it could be shown that he was aware that *Horne* was to be a witness, and knew what he would testify, it might possibly give the case a different aspect. In such circumstances his course would have been to file an affidavit for a continuance, to procure witnesses to impeach or contradict *Horne*, if he had not the means ready at hand to do so. If with such knowledge before trial, he failed to make the application for a continuance, his application for a new trial, for the same reason, would have come too late.

Such an affidavit before trial would have entitled him to a continuance, within the ruling in *Spence* v. *The State*, 8 Blackf. 281. Accordingly are *Gross* v. *The State*, 2 Ind. R. 135.—*Lindville* v. *The State*, 3 *id.* 580.

The crime is alleged to have been committed on the 11th of *October*, 1854. The bill was found *November* 21, 1854, and the prisoner was immediately put on trial, as appears from the *jurat* of the affidavit, which is dated *November* 23, 1854.

In view of all the facts, we think the new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Pitcher*, for the appellant.

*D. C. Chipman*, for the state.