Nov. Term,
1856.
_____

HALL
v.
THE STATE.

</div>

---

## HALL v. THE STATE.

<div style="text-align:right">

| 8 | 439 |
|---|---|
| 130 | 205 |

| 8 | 439 |
|---|---|
| 149 | 406 |
| 149 | 407 |
| 150 | 76 |
| 151 | 319 |

| 8 | 439 |
|---|---|
| 163 | 510 |

| 8 | 439 |
|---|---|
| 171 | 82 |

</div>

Indictment as follows: In the *Decatur* Circuit Court, at the *April* term, 1856. The grand jury, &c., upon their oath charge that *J. S.* and *S. H.* on, &c., at, &c., did feloniously steal, take, lead, and drive away one strawberry-roan mare of the value of 120 dollars, and one dapple-gray horse of the value of 400 dollars, then and there being found the personal chattels of *W. M.*— *W. P.* prosecuting attorney. *Held,* good on motion to quash.

A motion for change of venue is addressed to the discretion of the court.

An affidavit for a continuance to obtain the testimony of an absent witness, contained all the necessary allegations; but it stated that the witness wanted was somewhere in *Tennessee,* affiant did not know in

Nov. Term,
1856.

HALL
v.
THE STATE.

what county, and that affiant had been in jail two months awaiting the term at which he would be arraigned, and yet it did not appear that he or his counsel had made any inquiry as to the whereabouts of the desired witness, nor does he furnish any excuse for the failure.

*Held*, that the affidavit does not show sufficient probability of obtaining the testimony.

*Held*, also, that it does not show sufficient diligence.

The Court instructed the jury as follows: "If the property stolen, or a portion of it, was found in the possession of the defendant in a short time after the larceny was perpetrated, it would be your duty to find the defendant guilty, unless he satisfied you from the evidence that he came by the horse honestly."

*Held*, that the instruction was incorrect; that it should have directed the jury that they *might*, instead of that they *should* find defendant guilty.

*Held*, also, that defendant was not bound to *satisfy* the jury that he came honestly by the property, but only to raise a reasonable doubt that he came by it as charged.

*Held*, also, that the error was no cause of reversal, because—1. The Court, in another instruction, directed the jury correctly on the subject of reasonable doubts. 2. As applied to the facts of the case, the erroneous instruction could not have prejudiced the defendant.

Further instruction as follows: If you believe from the evidence that the defendant and *J. S.* were together the day before the larceny was committed, and kept together up to 8 o'clock the night the horses were stolen, you have a right to infer that the larceny was committed by them jointly. *Held*, that the instruction was erroneous.

Where the indictment charges two or more with a joint offense, one of them alone may be found guilty; but they cannot be separately found guilty of separate parts of the charge.

The Court may communicate with the jury during their deliberations to withdraw erroneous instructions and give additional ones; but where erroneous instructions are given in writing and taken by the jury to their room, the court cannot withdraw them through the bailiff, after adjournment for the day, and in the absence of the parties.

Saturday,
January 10,
1858.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Indictment as follows, returned into Court by the grand jury of *Decatur* county:

"The State of *Indiana*, county of *Decatur*, ss. In the *Decatur* Circuit Court, at the *April* term, 1856. The grand jury of *Decatur* county, in the State of *Indiana*, upon their oath charge that *John Spencer* and *Simon Hall*, on the 28th day of *November*, A. D. 1855, at the county of *Decatur*, in the State of *Indiana*, did feloniously steal, take, lead, and drive away one strawberry-

roan mare of the value of 120 dollars, and one dapple-gray horse of the value of 400 dollars, then and there being 'found the personal chattels of · *William Myers. William Patterson,* prosecuting attorney."

A motion to quash this indictment was overruled. No particular objection to it is pointed out. It does not contain the conclusion against the peace, &c.; but our present constitution does not require such conclusion, and the statute expressly dispenses with it.    2 R. S. p. 368.    We think the indictment good.    See *English* forms in Archbold, Chitty, &c.

An application for a change of venue was refused. This was matter of discretion in the Court below.    *Hubbard* v. *The State,* 7 Ind. R. 160.—*Spence* v. *The State,* 8 Blackf. 281.

A continuance of the cause to a subsequent term was asked for and denied. The testimony of an absent witness was wanted. The affidavit on which the motion for a continuance was based, contained all the necessary allegations to render it conformable to the statute on the subject, but was, we think, defective in regard to showing a probability of obtaining the testimony, if the continuance asked for was granted, and also in not showing sufficient diligence. The affidavit stated that the witness desired was somewhere in the State of *Tennessee,* but the affiant did not know in what county. It also stated that affiant had been in jail two months, awaiting the term of court at which he would be arraigned, and yet he does not appear to have written, or procured his counsel to do so, making inquiry as to the whereabouts of the desired witness, nor does he furnish any excuse for the failure. And if he could not, of his own recollection, recall his residence in two months, it would be hardly probable that he would be able to, in the next five or six.    See *Murphy* v. *The State,* 6 Ind. R. 490.

The Court instructed the jury as follows: "If the property stolen, or a portion of it, was found, in the possession of the defendant in a short time after the larceny was perpetrated, it would be your duty to find the

defendant guilty, unless he satisfies you, from the evidence, that he came by the horse honestly."

This instruction, as a general proposition, was incorrect. The Court should have told the jury that they might, instead of that they should, find the defendant guilty. See a correct instruction on this point in *Engleman* v. *The State*, 2 Ind. R. 91, except as to the modification we now append to the second branch of the one under consideration, which is, that the defendant was not bound to satisfy the jury that he came honestly by the possession of the property alleged to be stolen, but only to go so far as to raise a reasonable doubt whether he had not so come by it; for, in criminal cases, the jury must acquit upon a reasonable doubt. The instruction, therefore, should not thus have divided the evidence and been given upon parts, but should have advised the jury that if, upon all the evidence in the cause, &c., they had a reasonable doubt, &c. (1). But notwithstanding this instruction was erroneous, the case will not be reversed for the error:

1. Because the Court, in another instruction, directed the jury correctly on the subject of reasonable doubts; and,

2. Because, as applicable to the facts in the case, the instruction given could not have prejudiced the defendant before the jury. There was no conflict in the evidence. It showed the larceny, the possession by the accused of a part of the property stolen (one of the horses), in a short time—fifteen or sixteen days—after the act, and no satisfactory explanation or account was given at the arrest, or attempted to be proved on the trial, though the party had had time enough to procure the proof, or to ascertain its existence, if it existed. The evidence left no space wherein the jury could locate a doubt.

The Court gave the following instruction: "If you believe, from the evidence, that the defendant and *John Spencer* were together the day before the larceny was committed, and kept together up to 8 o'clock the night

the horses were stolen, you have a right to infer that the larceny was committed by them jointly."

This instruction was objected to as authorizing a conviction against *Spencer* upon too slender evidence; and it was given and excepted to upon the assumption that as the indictment charged the defendant and *Spencer* jointly with the larceny, it was necessary to the conviction of the defendant, who was separately upon trial, to prove the larceny by both. If such was not the law, the instruction could not have injured the defendant who was on trial, as it was an instruction against *Spencer* only. Such was not the law.

" Where the indictment charges several with a joint offense, any one of them alone may be found guilty. But they cannot be found guilty separately of separate parts of the charge." 2 Russ. on Crimes, 711.—1 Chit. Cr. Law, 270.—*Bloomhuff* v, *The State*, 8 Blackf. 205.— 1 Bish. Cr. Law, 541. On the proposition contained in the latter part of this quotation, the case of *Farrell* and another v. *The State*, 3 Ind. R. 573, must have been decided, and can be upheld; though in such a case it has been decided that the reversal, where both were convicted, should extend only to the defendant who committed the separate offense later than the other. *Reg.* v. *Dovey* and *Gray*, 2 Eng. L. and Eq. R. 532. And see *Everett* v. *The State*, 6 Ind. R. 495; *Watson* v. *The State*, 7 Ind. R. 159.

The instructions to the jury from the Court were in writing, and—as a practice, perhaps not very judicious— were taken to the consultation room by the jury. Two of those instructions were upon the necessity of proving a joint larceny as laid in the indictment, and were, as appears from what we have already said, erroneous. The prosecuting attorney excepted to them. Some time after the jury had retired to their room, the Court sent the bailiff who had them in charge, into their room and withdrew the erroneous instructions. The defendant excepted. The right of the Court to communicate with the jury during their deliberations upon a cause, to

Nov. Term,
1856.

HALL
v.
THE STATE.

withdraw from their consideration erroneous instructions, and to give additional ones, &c., is undoubted. *Jones* v. *Van Patten*, 3 Ind. R. 107. But the question is, where and how must this be done? *Archbold*, in his Criminal Law, (vol. 1, p. 171) says that, "after the jury have retired, they may come back for the advice or opinion of the court upon any point; or they may request the judge to read over to them again any particular part of the evidence; or they may get the court to ask any particular question of the witnesses. All this, however, must be done in open court." See, also, 2 Swan's Pr. 917, and *Hogg* v. *The State*, 7 Ind. R. 551.

Such is the general proposition. Such is the course most safe and proper to be pursued. But slight ( e-viations from it do not necessarily vitiate a verdict. It is the general rule that jurors, during their deliberations in a cause, should hold communication with no one, &c.; but it is not every violation of the rule that will constitute a ground for a new trial. This may be admitted. Still, the question arises, was the deviation in the case before us but a slight one? The judge, through the bailiff, in the absence of the defendant and his counsel, and during a recess in the sitting of the Court, withdrew two instructions, which had been given in open Court, from the jury. The instructions were erroneous. The inquiry is, then, can the the court, as a general practice, where the instructions are in writing, and are taken by the jury to their room, at its pleasure, and in the absence of parties, send the bailiff, to withdraw such as may be erroneous? Such an act is tantamount to sending another instruction to the jury that previous instructions were erroneous without giving in their place, such as might be correct. Could the court do such an act? If it could, the court might send, by the bailiff, instructions to the jury that all previous instructions in the case were erroneous and to be disregarded, giving no correct ones in lieu of them, thus depriving the parties, in effect, of their right to instructions from the court. Or if the court did supply

Nov. Term, 1856.

HALL
v.
THE STATE.

the place of those withdrawn, by others, then, it would instruct in the absence of parties who would thus be deprived of their right to except, and to ask particular instructions. We think the precedent dangerous to the impartiality of trials and the independence of juries, and one not to be sanctioned. 1 Wat. Arch. Cr. Law, 172, note.—2 G. and W. on New Trials, 356 (2).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial, and the keeper of the State prison notified to return the prisoner, &c.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scoby* and *W. Cumback*, for the State.

(1) The presumption arising from the possession of stolen goods is not conclusive but disputable, and therefore to be dealt with by a jury as a mere inference of fact. 3 Greenl. Ev. s. 3. "Evidence of this nature is by no means conclusive, and it is stronger or weaker as the possession is more or less recent." 2 Stark. 449. "The accused, even when the goods are found in his possession and under his control within a short time after the larceny is committed, and a presumption of guilt is raised, is not bound to show to the reasonable satisfaction of the jury that he became possessed of them otherwise than by stealing: the evidence may fall far short of that, and yet create in the minds of the jury a reasonable doubt of his guilt." *The State* v. *Merrick*, 19 Maine, 398, syllab.

(2) The substance of the communication may be unobjectionable, and yet entitle the party against whom the verdict is rendered to a new trial. *Sargent* v. *Roberts*, 1 Pick. 341. In that case, PARKER, C. J., said, "The only question is whether any communication at all is proper; · · · · · · and we are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in the presence of the counsel in the cause. * * * * When the Court is adjourned, the judge carries no power with him to his lodgings, and has no more authority over the jury than any other person; and any direction to them from him, either verbal or in writing is improper.