## HAZEN v. THE STATE.

CRIMINAL LAW.—*Gaming.*—*New Trial.*—*Surprise.*—On the trial of a defendant indicted for keeping a gaming house, and for suffering certain persons to game therein, the fact as to whether or not the defendant was present in his house during the playing of a certain game, to which witnesses for the State testified, and which he, as a witness, denied, is not material to his defence, and he is not entitled to a new trial, on the ground that he was surprised by, and on a new trial could contradict, the testimony of such witnesses.

From the Pulaski Circuit Court.

*G. T. Wickersham*, *F. M. Trissal* and *S. E. Perkins, Jr.*, for appellant.

*C. A. Buskirk*, Attorney General, and *D. B. McConnell*, Prosecuting Attorney, for the State.

PERKINS, J.—Indictment in two counts, charging in one, that defendant kept a certain house to be used for gaming, etc., and in the other, that defendant kept a house for use for gaming, and that, on a certain day, he suffered Owen Conlin, Clint Rodman, Peter Nagle, and others, whose names are unknown, to play a game of euchre therein for money, etc.

Plea, not guilty.   Trial, conviction and fine.

On the trial, George H. Gibson testified, that the defendant kept a saloon in Francesville, Pulaski county, Indiana; that he kept billiard and pool tables in it; that gaming was carried on in the building; that he had seen games of cards played for money when David Hazen was present in the room, etc.

Nelson Caffron testified, that gaming was carried on in the saloon when David Hazen was present, and that he had seen said Hazen bet therein while gaming was going on.

Clinton Rodman had seen playing in the saloon while Hazen was present, but never saw any betting or playing for money.

Peter Nagle's testimony was similar to that of Rodman, and so was that of Wm. S. Valentine.

N. S. Hazen, for the defence, testified, that he was the father of David Hazen; that gambling was not allowed in the saloon, etc.

David Hazen, defendant, testified, that he never kept a gaming house, never played for money, nor allowed it to be done, and that, on the night after the trial between Miller Ward and others, referred to by other witnesses, which was about the 1st of December, 1876, he was in the saloon where the billiard table was for about an hour after nine o'clock, and was not in again that night, etc.

After conviction, the defendant moved for a new trial, on the ground of surprise from the testimony of certain named witnesses on the trial, who swore that he was present in the saloon, and bet on games played therein, on the night of the trial mentioned, etc. That, by the testimony of certain named persons, he would successfully contradict said witnesses. The motion was verified by his oath.

He filed the affidavits of some of the persons whose testimony he desired to obtain, stating that he was not in the saloon during the portion of the night specified in the testimony of the witnesses on the trial.

The court overruled the motion for a new trial.

The case cited by appellant, to show that the ruling of the court on the motion was erroneous, is *Rosencrants* v. *The State*, 6 Ind. 407.

It will be observed, that the indictment in this case is for keeping a gaming house, with a second count charging, that on a certain night certain persons were suffered to gamble in it.

The testimony of the witnesses the defendant seeks to procure for use in another trial is simply to contradict the witnesses who testified, on the trial had, that the defendant was in the saloon on a certain night when certain persons played. Suppose the witnesses are procured, and testify as expected, it is not probable it would secure the defendant's acquittal of the charge of keeping a gaming house. Bicknell's Crim. Prac. 428.

He might be guilty of that offence, though he was not in the saloon on the particular night in question, and the evidence given in the cause was mainly directed to the establishment of the fact of his keeping such a house.

We think the testimony sought to be obtained is not shown to be sufficiently material to the defendant's defence to justify the granting of a new trial to procure it, waiving any question as to diligence on the trial had, and any reference to the fact that on that trial the defendant

himself testified, that he was not in the saloon during the part of the night testified to by the witnesses on the trial.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.