[Crim. No. 809. Department Two. December 23, 1901.]

THE PEOPLE, Respondent, v. J. P. W. DAVIS, Appellant.

CRIMINAL LAW—ARSON—PLEADING AND EVIDENCE—DESCRIPTION OF BARN BURNED—IDENTIFICATION—OWNERSHIP.—Upon the trial of a defendant charged with arson, committed in the burning of a barn, evidence that the barn was located at the place alleged, and that it was generally known by a name alleged in the information, shows a sufficient identification of the property burned, without proof of the alleged ownership of the barn.

ID.—EVIDENCE—PURCHASE AND SALE OF BARN BY DEFENDANT—ESTOPPEL.—Evidence was admissible to show that the defendant purchased the barn from the heirs of a deceased person, by whose name it was generally called, and that the defendant sold the barn to the person alleged to be its owner. The defendant who sold the barn to such person, and then burned it, cannot escape punishment for the offense by claiming that he had no title or right to sell it, and that no title passed to the purchaser from him.

ID.—OCCUPATION BY ANOTHER PERSON SUFFICIENT.—Under section 452 of the Penal Code, it is sufficient that, at the time of the burning, another person than the defendant was actually occupying the building burned.

ID.—TESTIMONY OF ALLEGED ACCOMPLICE—CONNECTION OF DEFENDANT WITH OFFENSE—REQUESTED INSTRUCTION TO ACQUIT.—Where there was no evidence to show that a witness for the prosecution, who tes-

tified to defendant's guilt, and who was claimed by the defendant to be an accomplice, was such, and there was other evidence tending to connect the defendant with the offense charged, and his own testimony was rambling and contradictory, a requested instruction to acquit the defendant, on the ground that such witness was an accomplice, was properly refused.

ID.—INSTRUCTION AS TO REASONABLE DOUBT.—An instruction as to reasonable doubt which complies in substance with the definition thereof laid down by this court is not objectionable.

ID.—REQUESTED INSTRUCTIONS COUPLED WITH IMPROPER INSTRUCTIONS.—Requested proper instructions which are coupled with improper instructions, so as to constitute a presumed whole, may be properly refused as a whole.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—REVIEW UPON APPEAL—DUTY OF APPELLANT.—Upon appeal from an order refusing a new trial, where it is claimed that the new trial should have been granted for newly discovered evidence, it is the duty of the appellant to point out to this court the newly discovered evidence, and to show its materiality, and the fact that diligence was used in trying to obtain the evidence before the trial, and that the court abused its discretion; otherwise, the newly discovered evidence will not be reviewed upon appeal.

APPEAL from a judgment of the Superior Court of Shasta County and from an order denying a new trial. Edward Sweeney, Judge.

The facts are stated in the opinion.

James G. Estep, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

COOPER, C.—Defendant was charged with the crime of arson and two prior convictions of grand larceny. He pleaded guilty to the prior convictions as alleged. After trial upon the charge of arson, he was found guilty in the second degree, and judgment was accordingly entered, sentencing him' to imprisonment for ten years in the state prison. He appeals from the judgment and order denying his motion for a new trial.

The claim is made that the evidence is insufficient to sustain the verdict, for the reason that the ownership of the barn which was burned was not proven as alleged, and for the further reason that the evidence shows the witness Peyer was

an accomplice. We have examined the evidence as to both the points urged, and we find it sufficient. The information described the barn as "on the Camden toll-road; that is, that certain barn known as and called the 'Bob Jones' barn. . . . The said barn or building being at said time the property of another,—to wit, the property of one Charley Quong Toy." The identification of the barn as described in the information was fully established by the prosecution. It was shown to be located at the place described, and that it was generally known as the "Bob Jones" barn. This was sufficient, without proving the ownership of the barn. (*People* v. *Handley,* 100 Cal. 371.)

The evidence also showed that, in the year 1897 or 1898, the defendant purchased the barn from one Woodward, as agent, for fifty dollars, and took a bill of sale of it from Mrs. Smithson, the daughter of Bob Jones, who was dead. That a day or two before the fire defendant sold it to Charley Quong Toy for fifteen dollars, and gave a bill of sale to the Chinaman. Defendant testified in his own behalf, "I sold the barn to Charley Quong Toy for $15." Defendant further testified that he had, prior to the time he sold the barn to the Chinaman, disposed of it to one Sexton, and that it had since been sold to, and was the property of, one Kate Johnson. Kate Johnson did not appear as a witness, and, in view of the evidence that the barn had been sold by defendant to the Chinaman, we will not scrutinize conflicting testimony, and examine the title, in order to find that the property was not the property of Charley Quong Toy. It comes with poor grace from defendant, who sold the barn to the Chinaman and received fifteen dollars, and then burned it, to attempt to escape punishment by stating that he had no right to sell it, and that the sale conveyed no title to the purchaser. There is no evidence showing the witness Peyer to have been an accomplice, and there is evidence aside from that of the witness tending to connect the defendant with the commission of the offense. Defendant told a rambling and somewhat contradictory story of the fire. He admits that he was present and saw the fire, and that he and Peyer tried to put it out and failed. That as soon as the fire struck the roof he said to Peyer: "Chris, it's up with us, we can't put it out." That they watched it burn for a while, and, as they were wet and excited,

he said: "Chris, I wish you would go down town—they have n't closed up yet—and get a bottle of whisky."

When defendant heard of the arrest of Peyer, he said to the witness Daw: "Well, that means trouble for me. I will fool them. I will skip out."

In a conversation with the witness Julian, defendant said, in speaking of the burning of the barn: "How the hell did you know I burnt the barn?" The views herein expressed dispose of the alleged errors in refusing to instruct the jury to acquit, and in regard to the ownership of the barn.

The court, at the request of the prosecution, charged the jury as a part of the definition of reasonable doubt: "But by a reasonable doubt is not meant every possible or fanciful conjecture that may be suggested. Everything relating to human affairs and depending upon moral evidence is open to some possible doubt or fanciful conjecture." The above sentence is criticised as being argumentative. The next sentence of the same instruction is: "By a reasonable doubt is meant that state of the case which, after an entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge." We think the definition complies in substance with that laid down by this court in numerous cases. It is claimed that the court erred in refusing a requested instruction asked by defendant as to his right to be a witness in his own behalf and the weight to be given to his evidence. If we concede that the portion of the instruction pointed out contains a correct proposition of law, we cannot, from this record, determine whether the court refused it or not. There is no indorsement on the margin of the requested instruction as to whether or not the court refused it. The bill of exceptions is silent upon the matter, and we have in the transcript the printed heading, "Instructions to the jury asked by the defense and refused by the court." Then under this heading are several sentences not numbered, occupying folios 55 to 58, inclusive. If we should guess from the record that the instruction was refused, it was correctly refused, because of improper instructions being coupled with it. We must presume the whole unnumbered sentences to be one instruction, and if part of it was erroneous, it was not error to refuse it all. It was not the business of the trial court

to pick out and separate the sentences containing sound principles of law from the erroneous portions, and after this process of separation to give the correct portions. In a part of the instruction, the court appears to have been requested to charge the jury that if the barn was upon land belonging to a railroad company, "then it is incumbent upon the prosecution to establish beyond a reasonable doubt that the building or structure alleged to have been burned was not a fixture to said land, and did not belong to said railroad company, and if the prosecution fails in such proof, you must acquit the defendant." The proposition contained in the quoted clause is not the law, as appears from what has been heretofore said. It is in conflict with section 452 of the Penal Code, which provides: "To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time of the burning another person was rightfully in possession of, or was actually occupying such building, or any part thereof." (See *People* v. *Wooley,* 44 Cal. 494.)

The court did not err in admitting testimony as to the bill of sale from defendant to Charley Quong Toy, and of the sale of the heirs of Bob Jones to defendant.

We do not deem it incumbent upon us to discuss the ruling upon the motion for a new trial upon the ground of newly discovered evidence. The defendant has not pointed out the newly discovered evidence, its materiality, and the fact that diligence was used in trying to get such evidence before the trial. He contents himself with saying: "The court erred in refusing to grant the defendant a new trial upon the ground of newly discovered evidence." We will answer that it has not been pointed out to us that such showing was made in the court below as to justify us in the conclusion that the court abused its discretion in denying the motion.

It follows that the judgment and order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.