## WILLIAMS v. THE STATE.

[No. 21,078.   Filed July 1, 1908.]

1. APPEAL.—*Bills of Exceptions.—Instructions.—Criminal Law.*— Instructions in a criminal case can be brought into the record, under §§2136, 2163 Burns 1908, Acts 1905, pp. 584, 641, 647, §§260, 287, only by a bill of exceptions which must be filed within the time allowed and the filing shown by the transcript.   p. 643.

2. SAME.—*Bills of Exceptions.—Signing.—Filing.*—A bill of exceptions containing the evidence in a criminal case, in order to bring such evidence into the record, must be signed by the judge, filed within the time allowed, and the record or certificate of the clerk should show that it was filed with the clerk.   p. 643.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Prosecution by the State of Indiana against Wesley Williams.   From a judgment of conviction, defendant appeals. *Affirmed.*

*Frank B. Posey,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

MONKS, J.—Appellant appealed from a final judgment rendered on a verdict finding him guilty of the crime of murder in the first degree and assessing his punishment at imprisonment for life.

The only error assigned calls in question the action of the court in overruling his motion for a new trial.

All of the causes assigned for a new trial and urged as grounds for reversal in this court depend for their deter-

mination upon the evidence and other matters which are set forth in what purports to be a bill of exceptions, and upon the instructions given by the court to the jury.

It is insisted by the Attorney-General that none of said causes for a new trial can be considered, for the reasons: (1) That the instructions given have not been made a part of the record by a bill of exceptions; (2) that what purports to be a bill of exceptions containing the evidence is not properly in the record, for the reason that there is nothing to show that the same was ever filed.

It was held by this court in *Donovan* v. *State* (1908), *ante,* 123, under §§2136, 2163 Burns 1908, Acts 1905, pp. 584, 641, 647, §§260, 287, "that instructions given and

1. refused by the court, and the exceptions to the giving, and refusing to give the same, can only be made a part of the record in criminal cases by a bill of exceptions which must be presented, within the time allowed by law or the order of the court, for the signature and approval of the judge, after which it must be filed with the clerk. And unless the bill of exceptions is signed by the judge and afterwards filed with the clerk, and this fact is affirmatively shown by the record, it forms no part of the record and cannot be considered. This rule applies to all bills of exceptions" under said act of 1905, concerning public offenses.

In this case there is no bill of exceptions containing the instructions given or refused, or any part of them, set out in the record. The record contains what purports to be the original bill of exceptions containing the evidence, but, as

2. it is not affirmatively shown by the record or certificate of the clerk that it was filed with the clerk after it was signed by the judge, as required ·by §2163, *supra,* it is not a part of the record. *Donovan* v. *State, supra,* and cases cited. The record in this case shows that what purports·to be a bill of exceptions was filed July 7, 1907, but, not being at that time signed by the judge, it was not a bill of exceptions and did not thereby become a part of the

record. *Drake* v. *State* (1896), 145 Ind. 210, 217, 218, and cases cited; *Merrill* v. *State* (1901), 156 Ind. 99, 103, 104, and cases cited; *Guirl* v. *Gillett* (1890), 124 Ind. 501; *Board, etc.,* v. *Huffman* (1892), 134 Ind. 1, and authorities cited; *Drew* v. *Town of Geneva* (1898), 150 Ind. 662, 668, 42 L. R. A. 814, and cases cited; Ewbank's Manual, §32. It follows that the contention of the Attorney-General must be sustained.

The indictment in this case charges Minerva Williams, the mother, and Jonah Williams, the father, jointly with appellant, with the crime of murder in the first degree, and they have also been tried and convicted of that offense in the court below, and said judgments against them have been affirmed by this court on appeal. *Williams* v. *State* (1908), *post,* 644; *Williams* v. *State* (1908), *ante,* 630.

Finding no error in the record the judgment is affirmed.