## HINKLE v. THE STATE OF INDIANA.

[No. 21,528.   Filed May 24, 1910.]

1. VENUE.—*Change of.—Arson.—Appeal.*—The granting of a change of venue from the county in an arson case is discretionary with the trial judge, and his decision thereon will not be disturbed on appeal, except for an abuse of discretion.   p. 278.

2. VENUE.—*Change of.—Denial of.—Discretion.—Arson.*—Where defendant in an arson case filed her affidavit for a change of venue from the county, alleging prejudice of the people against her, and the State filed the affidavits of thirty disinterested residents that no prejudice existed, no abuse of discretion is shown in the court's denial of the change requested.   p. 278.

3. JURY.—*Voir Dire.—Relationship of Member to Witness for State.—Waiver.—Appeal.*—Where one of defendant's attorneys filed his affidavit that a certain juror was a cousin to one of the principal witnesses for the State, and that the defendant, on that account, had not received a fair trial, and that neither the defendant nor her attorneys knew thereof, and knowledge of the relationship was denied under oath by the defendant and by each of her attorneys, but the accused juror, six of his associates, the sheriff and two others testified that such juror disclosed such relationship on his *voir dire*, the trial court's denial of the motion for a new trial cannot be disturbed on appeal.   p. 279.

4. APPEAL.—*Briefs.—Waiver.*—Points not presented in the brief proper nor referred to under the head of points and authorities, are waived.   p. 279.

5. ARSON.—*Insurance.—Evidence of.*—Evidence that the lessee of a hotel building carried insurance on her furnishings, and shortly prior to the fire applied for more, is admissible as tending to show a motive.  p. 280.

6. ARSON.—*Other Fires.—Evidence.*—In a prosecution of a lessee hotel keeper for burning the hotel building, evidence of other fires occurring in the hotel within four or five months, with attendant circumstances indicating incendiarism, is admissible.  p. 280.

7. ARSON.—*Acts of Conspirator.—Evidence.*—The acts of an alleged confederate prosecuted jointly with defendant for arson, are admissible against defendant.  p. 280.

8. TRIAL.—*Reception of Evidence.—Order of.*—The order of the reception of evidence is largely a matter of discretion of the trial court.  p. 280.

9. EVIDENCE.—*Offer of Proof.—Appeal.*—Where, upon objection to certain evidence, no offer of proof was made, no question is saved on the exclusion thereof.  p. 280.

10. CRIMINAL LAW.—*Instructions.—Bills of Exceptions.—Filing.— How Shown.—Appeal.*—Instructions in a criminal case can be made a part of the record, on appeal, only by a bill of exceptions duly presented to the trial judge within the time limited therefor, and the signing and filing thereof with the clerk, and the filing must be shown by an order-book entry.  p. 281.

11. ARSON.—*Evidence.—Sufficiency.*—Evidence showing that a hotel had caught fire three times under suspicious circumstances, and the last time it had caught in a locked gambling room, apparently from an explosion of gasoline, with the knowledge and connivance of defendants, that the furniture was insured for more than its value and that more insurance had been applied for, sustains a judgment of conviction.  p. 281.

12. TRIAL.—*Credibility of Witnesses.—Jury.*—The jury is the judge of the credibility of the witnesses in a criminal case, and their verdict on conflicting evidence is conclusive, on appeal.  p. 284.

13. ARSON.—*Leasehold Property.—Ownership.—Variance.*— Proof that defendant had the burned property in possession as a tenant does not constitute a variance from the allegation in the indictment alleging that the property was that of the lessor.  p. 284.

From Sullivan Circuit Court; *O. B. Harris*, Special Judge.

Prosecution by The State of Indiana against Belle S. Hinkle.  From a judgment of conviction, defendant appeals. *Affirmed.*

*William L. Slinkard, J. W. Lindley, Lee F. Bays, Charles W. Wellman* and *Fred Bays,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted of arson, and assigns error on the overruling of her motion for a new trial. The grounds of the motion for a new trial will be considered in their order.

Appellant filed an application, verified by her affidavit, for a change of venue from Sullivan county, on account of excitement and prejudice against her in that county.

1. The State filed the counter-affidavits of thirty men, who stated that they were acquainted with a large number of the citizens of the county, that there was no excitement or prejudice against appellant, that they were disinterested, and believed she could have a fair and impartial trial in Sullivan county.

The granting of appellant's application for a change of venue was addressed to the discretion of the trial court. §2078 Burns 1908, Acts 1905 p. 584, §207. An abuse of the discretion vested in the court must affirmatively appear before this court will be warranted in disturbing such discretionary ruling. No abuse of judicial discretion

2. in denying appellant's application is shown. *Jones* v. *State* (1899), 152 Ind. 318; *Hauk* v. *State* (1897), 148 Ind. 238; *Walker* v. *State* (1894), 136 Ind. 663, 665; *Reinhold* v. *State* (1892), 130 Ind. 467, 469; *Spittorff* v. *State* (1886), 108 Ind. 171, 172; *Merrick* v. *State* (1878), 63 Ind. 327, 330; *Bissot* v. *State* (1873), 53 Ind. 408, 410; *Morgan* v. *State* (1869), 31 Ind. 193, 196; *Anderson* v. *State* (1867), 28 Ind. 22, 24; *Fahnestock* v. *State* (1864), 23 Ind. 231, 234; *Griffith* v. *State* (1859), 12 Ind. 548; *Hall* v. *State* (1856), 8 Ind. 439, 441; *Hubbard* v. *State* (1855), 7 Ind. 160, 164; *Spence* v. *State* (1846), 8 Blackf. 281, 283; *Findley* v. *State* (1841), 5 Blackf. 576, 36 Am. Dec. 557; *Sumner* v. *State* (1841), 5 Blackf. 579, 580, 36 Am. Dec. 561.

It is charged that one of the jurors on his *voir dire* stated that he was not related to Frank Botts, who was one of the principal witnesses for the State, when in fact the juror and witness were first cousins, and this relationship was unknown to appellant and her counsel until after the verdict was returned, and that the misstatement of this juror tended to prevent a fair and due consideration of the case. This ground of the motion was supported by the affidavit of one of appellant's counsel, and knowledge of the relationship was denied under oath by appellant and each of her attorneys. The juror accused and six of his associates on the jury, the witness Botts, the county sheriff and two others, who were present during the examination of the jurors touching their qualifications, made counter-affidavits stating that the juror named, in response to proper questions asked by appellant's counsel, stated on his *voir dire* that he and witness Botts were cousins.

The examination of the juror occurred in the presence of the judge, and the true facts were doubtless within his personal knowledge and recollection. In addition to this, the charge of misconduct on the part of said juror was heard upon conflicting and contradictory affidavits, and the decision of the trial court upon such collateral fact, under the circumstances shown, and upon such evidence, is conclusive upon this court. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *Trombley* v. *State* (1906), 167 Ind. 231; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Shular* v. *State* (1903), 160 Ind. 300; *Keith* v. *State* (1901), 157 Ind. 376; *Messenger* v. *State* (1899), 152 Ind. 227; *Hinshaw* v. *State* (1897), 147 Ind. 334, 379.

The grounds of the motion for a new trial, numbered from three to nineteen inclusive, are not presented in the brief proper or referred to under the head of points and authorities, and under the rules of appellate procedure are waived. Under the heading of argument, which is not a material and necessary part of a brief,

reference is made to some of the matters assigned as causes for a new trial. We cannot disregard long and well-settled rules governing the practice in this court, but, on the assumption based upon the reference before mentioned, that it was not the intention of appellant's counsel wholly to waive these alleged errors, and out of deference to the interests of appellant, the writer of this opinion has examined the record, and has not found any of these alleged grievances tenable or harmful. The property destroyed by fire was a hotel building occupied by appellant as tenant. She

5. owned the hotel furniture, which was mortgaged for $1,200, and two of the questions to which objection was made related to the amount of insurance on the hotel furniture held by appellant, and her application for additional insurance shortly before the fire in question. This evidence was clearly competent, as tending to show a motive for incendiarism on appellant's part. The State was

6. also permitted to prove that during the tenancy of appellant, covering four or five months, four different fires had occurred in the hotel, with attendant circumstances indicating an incendiary origin. The evidence tended to implicate appellant, and was proper. Thomas Shep-

7. herd was indicted with appellant, and the theory of the State was that appellant caused the fire to be ignited by said Shepherd, and the testimony received, showing his movements about the time of the fire, was competent. The order of admitting testimony is largely in the discretion of the trial court. Other matters are briefly men-

8. tioned in argument, but so plainly are not erroneous that it is not deemed appropriate to treat them singly. Appellant's counsel seem to put much stress upon the suggested fact that Hopkins, the chief witness for the State, was afflicted with epilepsy, and was, in consequence, unreliable as a witness. Appellant introduced Doctor Hig-

9. bee, and asked him whether he had examined Hopkins. The question was excluded, and no statement

was made in this connection as to what facts appellant expected to prove by the witness and in response to this question. If appellant's purpose was to show the mental and moral condition of the witness, that fact should have been stated to the trial court prior to its ruling on the competency of the inquiry. It is very clear that no question as to this ruling was saved. Elliott, App. Proc. §743.

Complaint is made of the giving and refusing to give certain instructions. The instructions have not been made a part of the record in any manner authorized by law. 10. What purport to be instructions have been copied into the transcript, without the notation anywhere of any objection or exception thereto by any one. It was expressly held by this court in the case of *Donovan* v. *State* (1908), 170 Ind. 123, "that instructions given and refused by the court and the exceptions to the giving and refusing to give the same can only be made a part of the record in criminal cases by a bill of exceptions which must be presented, within the time allowed by law or order of court, for the signature and approval of the judge, after which it must be filed with the clerk. And unless the bill of exceptions is signed by the judge and afterwards filed with the clerk, and this fact is affirmatively shown by the record, it forms no part of the record and cannot be considered." See, also, *Williams* v. *State* (1908), 170 Ind. 642; *Ludwig* v. *State* (1908), 170 Ind. 648; *Stucker* v. *State* (1908), 171 Ind. 441; *Curless* v. *State* (1909), 172 Ind. 257; *Heath* v. *State* (1910), 173 Ind. 296; *Lucas* v. *State* (1910), 173 Ind. 302; *Peacock* v. *State* (1910), *ante*, 185.

It is charged in the motion for a new trial, that the verdict is not sustained by sufficient evidence and is contrary to law. There was evidence to the following effect: The hotel 11. building in the town of Sullivan was burned by a fire originating in room No. 34, between 1 o'clock and 2 o'clock on the morning of August 12, 1908. At the time of its destruction it was owned by the persons named

in the indictment, and was of the value of from $12,000 to
$15,000. Appellant took possession of the hotel March 1,
1908, under a lease for one year, with the privilege of four
more. She bought the hotel furniture on credit for $1,200,
secured by a mortgage, and at the time of the fire had paid
$300 on the furnishings. She carried $2,000 insurance there-
on, and shortly before the fire had applied for and been
denied $1,000 additional insurance. In May a fire was dis-
covered at supper time in the room occupied by appellant,
and was extinguished. On July 3, before 4 o'clock a. m.,
appellant moved a bedroom set and other articles from the
hotel. On July 4, about 9 p. m., while the help were all
off duty and out of the building, and the fire company was
engaged in extinguishing a fire at a barn, the hotel was dis-
covered to be on fire in two places—in the attic above the
third floor, and in the check room on the first floor. There
were no electric wires in the attic and none within several
feet of the fire in the check room. The flames in the attic
were about the scuttle hole, and on the carpet directly be-
neath a burning broom was found, with the smell of oil
smoke. Another burning broom was found in the check
room, accompanied with the odor of gasoline. These fires
were extinguished. An employe returning from a show, five
or ten minutes before this fire, found appellant sitting in
front of the building, and when he proposed to go in and
change his clothes, she said: ''No, I want you to stay out
here with me, I feel nervous.'' This employe rang the fire
bell on the discovery of the fire and was told by appellant
the next day that he should not ring the fire bell, because it
hurt business. Shepherd was seen in the hotel about 7
o'clock p. m. on July 4, and was seen early one morning in
May about the hotel, and when appellant was asked what
he was doing there, she said: ''That is all right; I will
take care of him.''

Appellant removed two clocks, a piano and other goods
before the fire of August 12, and at the time stated that she

was afraid of fire. Room No. 34, in which the last fire originated, had been used as a poker room, and appellant shared in the proceeds from the game. She had occupied room No. 2 directly under room No. 34 until a few days before the fire, when she removed to room No. 9. The building had no fire escapes, and she had furnished some of the help with ropes to be used in case of fire. About six hours before the fire, appellant told the operator of the poker game that room No. 34 was locked, and when he wanted to use it he must call on her for the key. Between 1 o'clock and 2 o'clock in the morning, an explosion was heard in room No. 34, and Shepherd was seen coming out of the room. In a few seconds a louder explosion occurred in the same room, which could be heard a mile distant. A blaze was found in the center of the room, there was an odor of gasoline or kerosene, and in a few moments the entire room was enveloped in flames. The electric lights had been turned off from the building and the switch connection torn from the wall. Shepherd stayed in the hotel that night, and the evening before appellant carried a supper upstairs which she said was for a sick man. The evening before the fire, appellant took from the safe her receipts, bank-book, and diary, and put them in a pocket-book which she carried. The cashbook was missing from its place and the stamp change drawer was empty. Appellant returned to her room about 9 o'clock p. m. preceding the fire, came down stairs again between 10 o'clock and 11 o'clock, and again about 1 o'clock a. m. and directed the hotel to be closed, which was done. Shepherd came from room No. 34 immediately after the first explosion, carrying his shoes, went to room No. 9 and rattled the door. Appellant came out and the two went across the hall to the stairway, and Shepherd said: "The G—d d—n thing is gone this time," and went down and out the back way, and appellant went down to the office.

The jurors were the exclusive judges of the credibility of the witness, and if they believed the testimony, heretofore

given in substance, as it was their province to do, then 12. the verdict of guilty is abundantly sustained. Appellant claimed that the electric wiring of the hotel had been unskilfully and insecurely done, and that these fires had their origin from this cause. An effort was made to trace the May fire to the light wire, but no plausible explanation of the other fires was offered. It seems entirely clear that they were of incendiary origin. We find no basis for a question of appellant's guilt upon the sufficiency of the evidence.

Appellant's counsel argue that since the property burned was shown to have been in the possession of appellant as tenant, at the time, there was a variance between the 13. allegations of the indictment and the proof, and the offense was not made out. This contention is wholly untenable. Arson, under our statute, consists in the wilful and malicious burning of the property of another of the value of $20 or more. The question of possession or occupancy is immaterial, both in pleading and in presentation of the proof. This point is so well settled as to need no elaboration. *Garrett* v. *State* (1887), 109 Ind. 527; *Lipschitz* v. *People* (1898), 25 Colo. 261, 53 Pac. 1111; *People* v. *Davis* (1901), 135 Cal. 162, 67 Pac. 59; *Avant* v. *State* (1893), 71 Miss. 78, 13 South. 1881; *Allen* v. *State* (1859), 10 Ohio St. 287; *Kelley* v. *State* (1902), 44 Tex. Cr. 187, 70 S. W. 20.

No error in the record is made to appear, and the judgment is affirmed.