[Crim. No. 235. First Appellate District.—August 17, 1910.]

THE PEOPLE, Respondent, v. C. A. SEIFERT, Appellant.

CRIMINAL LAW—FORGERY OF BANK DRAFT—PERSONS DEFRAUDED—IMMATERIAL VARIANCE BETWEEN INFORMATION AND COMMITMENT.—Where the information and order of commitment described the same check or draft by copy, and the bank on which it was drawn, its date, the person to whom it was delivered, with the statement that defendant had no funds in the bank on which it was drawn, the fact that the committing magistrate held the defendant to answer for having delivered the draft with intent to defraud one Louie Joe, and three other persons named, does not show a material variance which entitles the defendant to set aside the information. It matters not that the allegation in the information charges that the defendant intended to defraud other persons than the person named by the committing magistrate, so long as it charges the intent to defraud the person named by the committing magistrate.

ID.—RULE OF PENAL CODE—ERRONEOUS ALLEGATION AS TO PERSON INJURED IMMATERIAL.—Section 936 of the Penal Code provides that "when an offense involves the commission of or attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material."

ID.—ESSENCE OF OFFENSE—SUFFICIENT NOTICE TO DEFENDANT—NEGOTIATION OF DRAFT—INTENT TO DEFRAUD ALL PERSONS INTERESTED. The defendant was told by the information of the acts with which he was charged, and which constituted a crime, and they are the same acts which were set forth in the complaint before the magistrate. This gave the defendant fair notice of what he was to meet, and was all that the statute required. The defendant cannot claim to go free, because the committing magistrate did not know that he had other persons besides Louie Joe in mind when he

negotiated the draft. The material question was his intention to defraud, and to get money on the draft by issuing and negotiating it; and the injury or wrong was perpetrated on every man, woman or child who had any interest, present or contingent, in the money he wrongfully obtained by such negotiations.

ID.—INDORSEMENT BY PAYEE NO PART OF DRAFT.—The indorsement of the forged draft by the payee is no part of the draft. Such indorsement was evidently made by the payee before it was presented to the bank for payment, which was refused for want of funds. We cannot conclude that the draft was paid to the defendant on negotiation, merely because it contained the indorsement of the payee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, and Joseph W. Boardman, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

COOPER, P. J.—The defendant was charged in the information with the crime of unlawfully and feloniously drawing and delivering to one Louie Joe a certain draft or check for the payment of money, to wit, $103, said check being drawn upon the bank of E. Cooke Smith, with intent to defraud said Louie Joe and others named in the information, without having funds or credit with the said bank with which to meet said draft, contrary to the statute in such case made and provided. The jury returned a verdict finding defendant guilty as charged, and he prosecutes this appeal from the judgment and order denying his motion for a new trial, and also from an order denying his motion in arrest of judgment.

The first point urged in his brief is that the court erred in denying his motion to set aside the information. We are told in the brief that the court should have set aside the information for the reason that it does not describe the same identical offense as that set forth in the order of commitment made by the committing magistrate. It is said that the courts

have universally held that the district attorney has no power to charge the defendant in the information with any other or different crime than the one for which he has been held to answer by the magistrate. But the brief is entirely silent as to the material question of the difference between the information and the order made by the magistrate as to the offense. If the information charges a different offense from that for which defendant was held to answer, the appellant's counsel in their brief should have pointed out wherein they differ, and the court's attention should have been called to the variance. We are, however, referred in the brief to the folios of the transcript wherein may be found the order made by the committing magistrate and the information. By looking at the transcript at the places pointed out, and comparing the information with the order made by the magistrate, we find that both the order and the information describe the same check or draft, giving a copy of it, the bank on which it was drawn, the date, the person to whom it was delivered, with a statement that defendant had no funds in the bank on which it was drawn. The only difference that we perceive is that the committing magistrate held the defendant for having delivered the draft with the intent to defraud one Louie Joe, while the information charges that the draft was delivered with the intent to defraud Louie Joe, Louie Fat, Louie Shung, Louie Hung and Louie See. Nevertheless the information charges that the draft was made and delivered with intent to defraud Louie Joe. It matters not that the allegation in the information charges that the defendant intended to defraud other persons than the person named by the committing magistrate, so long as it charges the intent to defraud the person named by the committing magistrate.

The Penal Code provides: "When an offense involves the commission of or attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material." (Pen. Code, sec. 956.) It was held under this section in *People* v. *Smith,* 112 Cal. 333, [44 Pac. 663], that where the committing magistrate held the defendant for stealing a steer "belonging to and owned by the estate of W. C. Elledge, deceased," that the information was good, although it recited that the steer

was "owned by Joseph Elledge and Mrs. M. J. Elledge, as executor and executrix of the estate of W. C. Elledge, deceased." So where a defendant was charged by information for arson with burning a barn belonging to one Charlie Quong, it was held that the ownership of the barn was immaterial so long as the evidence identified the barn as being the barn described in the information. (*People* v. *Davis*, 135 Cal. 162, [67 Pac. 59].)

In *People* v. *Price*, 143 Cal. 351, [77 Pac. 73], the complaint before the magistrate in a prosecution for burglary described the building entered as "that certain building situate at No. 1247 Fresno street in the City of Fresno," and the information described it as "that certain house, room, store, dwelling and apartment of Charles C., situate at the corner of Fresno and C streets, and designated by the number of 1247 Fresno street in the City of Fresno." It was held that there was no variance as the same house was referred to by the committing magistrate and by the district attorney.

In the case at bar the defendant was told by the information of the acts with which he was charged and which it was claimed constituted a crime, and they are the same acts which were set forth in the complaint before the committing magistrate. This gave the defendant fair notice of what he was to meet and was all that the statute requires. It is not for the defendant to claim that he shall perchance go free because the committing magistrate did not know that besides Louie Joe he had other persons in mind at the time he delivered the draft. The material question was defendant's *intention to defraud;* and we are not required to pause and speculate as to the particular person he had in mind and whom he intended to wrong. His intention was to get money on the draft, and by issuing it and negotiating it the injury or wrong was perpetrated upon every person, man, woman or child, who had any interest, present or contingent, in the money he wrongfully obtained by so negotiating the draft.

The court properly denied the motion for a new trial and the motion in arrest of judgment. The evidence is sufficient to sustain the verdict, and, as has been already shown, there was no variance between the proof and the information.

The indorsement on the draft is no part of it. Such indorsement was evidently made by the payee before it was pre-

sented to the bank for payment. We cannot conclude that the draft was paid simply because it contains the indorsement of the payee, which evidently was made on the back of the draft.

The judgment and orders are affirmed.

Hall, J., and Kerrigan, J., concurred.