## HORNBROOK CLEANING COMPANY *v.* CONTINENTAL ILLUSTRATING COMPANY.

[No. 11,518.   Filed April 27, 1923.]

APPEAL.— *Briefs.— Narration of Evidence.— Sufficiency.— Rules of Court.*—Where appellant's brief, in the condensed recital of the evidence set out therein, omits the evidence of one of the two witnesses testifying at the trial, and makes no reference to certain writings introduced in evidence, and where there is no claim that the brief contains a recital of all the evidence or that it contains the evidence necessary to a decision of the questions involved, the brief is insufficient to comply with Appellate Court Rule 22, cl. 5, governing the preparation of briefs, and the judgment will be affirmed; the questions attempted to be presented by appellant requiring a consideration of the evidence.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by the Continental Illustrating Company against the Hornbrook Cleaning Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walton M. Wheeler* and *French Clements,* for appellant.

*Osborn & Sappenfield,* for appellee.

McMAHAN, J.—Appellee recovered a money judgment against appellant, from which appellant appeals and assigns as error the overruling of its motion for a new trial. Appellant contends that the decision of the court is not sustained by sufficient evidence and is contrary to law. Appellee, however, insists that no question is presented and that the judgment must be affirmed because of appellant's failure to set out a condensed recital of the evidence in narrative form as required by Rule 22, clause 5, of this court. In support of this contention appellee calls attention to the fact that two witnesses testified on the trial and that certain writings were introduced in evidence; that appellant in its recital of the

NOVEMBER TERM, 1922.     595

Hornbrook, etc., Co. v. Continental, etc., Co.—79 Ind. App. 594.

evidence has omitted the evidence of one witness, and has failed to refer to the writings which were introduced in evidence. Appellant makes no claim that its brief contains a recital of all the evidence or that it contains a recital of all the evidence necessary to a decision of the questions involved.

An examination of the record discloses that appellee's contention must prevail and that the judgment must be affirmed on account of the failure of appellant to set out a sufficient statement of the evidence. In passing upon this question we assume that the evidence is properly in the record.

We note, however, that according to the record appellant filed its bill of exceptions June 13, 1922. Immediately following this entry and on the next page of the record is what purports to be the original certificate of the trial judge dated June 14, 1922, to the effect that appellant on that day presented its bill of exceptions and that the same was taken under advisement. On the next page of the record is what purports to be the original certificate of the trial judge dated June 14, 1922, stating that the bill of exceptions theretofore presented was then signed, sealed and made a part of the record. Following this is what purports to be a bill of exceptions containing the evidence, but it is not followed by a certificate of the trial judge showing that it was ever presented to him or that it was ever signed by him and filed. Appellee not having raised any question as to whether the evidence is in the record we express no opinion upon that question; but see, *Williams* v. *State* (1908), 170 Ind. 642, 85 N. E. 350, where it is said that in order to bring the evidence in the record, it must affirmatively appear that the bill of exceptions was filed with the clerk after it was signed by the judge. It may be that the clerk in making up the transcript inserted the certificate of the judge at the wrong place, but, if

that be admitted, the record would still show that the bill of exceptions was filed the day before it was presented to the judge for his approval.

No reversible error being shown the judgment is affirmed.